321 So.2d 679

**ENGEL MORTGAGE CO., INC., a corp.**

v.

**TRIPLE K LUMBER COMPANY, INC.,**
a corporation.

**Civ. 502.**

Court of Civil Appeals of Alabama.

Nov. 5, 1975.

Clifford M. Spencer, Jr., Birmingham for appellee.

Shannon, Odom, Robertson & Jackson, Birmingham, for appellant.

BRADLEY, Judge.

This case involves the Statute of Frauds as contained in Title 7A (Uniform Commercial Code), § 2–201, and Title 20, § 3, Code of Alabama 1940, as Recompiled 1958. Defendant appeals from a verdict and judgment for plaintiff. Six assignments of error have been specified. We affirm.

Plaintiff commenced this suit in the Circuit Court of the Tenth Judicial Circuit, Jefferson County, on August 5, 1971, seeking the amount of $6,269.11, which represents the price of building materials supplied by plaintiff to a third-party pursuant to an alleged agreement that defendant would pay for the materials. Plaintiff later amended the complaint to add claims for the price of an additional several thousand dollars worth of unpaid for goods. Defendant argues that any purported agreement regarding these building materials is unenforceable since it is not evidenced by a signed writing.

Defendant first raised the defense of the Statute of Frauds provision in the Uniform Commercial Code in its amended answer and in a motion for summary judgment. That motion was denied, and the case was heard by a jury on June 17 and 18, 1974. Defendant relies on the denial of summary judgment as his first assignment of error.

At trial, defendant moved for a special verdict and a directed verdict, citing as grounds Section 2–201 of the UCC and the absence of evidence that there was a written conract. Both of these motions were denied. The ruling on the motion for directed verdict is assignment of error three.

Defendant requested eight jury instructions, of which seven were denied. Defendant cites as assignment of error six the denial of the requested charge stating:

> "The jury is charged that Defendant is not a merchant within the scope of Title 7A, Section 201–1 [2–201(1)] of the Code of Alabama 1940, Recompiled 1958."

On June 18, 1974 the jury found the issues in favor of plaintiff and against defendant, assessing damages at $8,196.03.

Defendant chose not to argue assignments two, four and five, which are thereby waived.

The evidence discloses that defendant is a company which arranges and otherwise services construction loans to building contractors. Defendant receives a fee for this, and, in addition, is afforded the opportunity to make long-term mortgage loans to purchasers of the completed construction projects. Plaintiff is a building materials supply company. A third company, Builders of Huntsville, is the contractor to whom plaintiff supplied the materials under its agreement with defendant. Builders of Hunstville is not a party to this action.

The evidence tends to show that in March 1969, Mr. DeNeefe, manager of defendant's Huntsville office, telephoned plaintiff's president, Mr. Kirkpatrick, concerning the possibility of plaintiff agreeing to sell materials to Builders of Huntsville for use at residential construction sites. Kirkpatrick declined, owing to Builders of

Huntsville's poor credit rating. It is uncontroverted that DeNeefe thereupon gave some form of assurance to Kirkpatrick concerning payment for materials supplied. The nature and form of that assurance is, however, the prime factual dispute in the case.

In April and May 1969, plaintiff sent three registered letters notifying defendant that plaintiff was commencing delivery of goods to Builders of Huntsville at the construction sites. An employee of defendant signed postal return receipts for these letters, and there is no evidence that defendant ever objected to or dissented from their content. Plaintiff supplied Builders of Huntsville with periodic deliveries of materials during the period of April through July 1969. For each delivery both Builders of Huntsville and defendant received copies of invoices, which its employee compared with those sent to Builders of Huntsville. No objection to these invoices was made, and the materials were incorporated into structures being built at the delivery point.

At some point during this period the construction projects ran into difficulty, completion was greatly delayed, and by July 25, 1969 plaintiff was unable to collect several thousand dollars owed for goods already delivered.

Plaintiff sued Builders of Huntsville in Madison County Circuit Court and obtained the entry of a favorable judgment on October 8, 1971. That suit is not material to this appeal.

■ At the outset we observe that where a defense enumerated in Alabama Rules of Civil Procedure 8(c) is affirmatively pleaded in defendant's answer, it can also be presented on a motion for summary judgment regardless of whether or not the defense can be established from the face of the complaint. Rules 12(b), 12(c), 56(b), 56(c), 56(e), ARCP.

■ We turn first to the applicability of the statute of frauds provision found in the sales article of the Uniform Commercial Code. Title 7A, § 2–201, Code of Alabama 1940, as Recompiled 1958, reads in pertinent part:

"(1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought . . . . .

.    .    .    .    .    .

"(3) A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable

.    .    .    .    .    .

"(c) with respect to goods for which payment has been made and accepted *or which have been received and accepted.*" (Emphasis added.)

This text clearly indicates that, even where the value of the goods named to a contract exceeds $500, the absence of a signed writing does not bar seller from recovering the price of goods when the following are found to have happened: (1) an agreement of purchase and sale regarding the goods has actually been reached; (2) delivery of the goods in the manner, time and place agreed upon has been accomplished; and (3) any act or omission constituting acceptance of the goods under UCC § 2–606 has been manifested.

■ Whether or not these events have occurred depends on the application of relevant legal principles to the facts of the case. Where these facts are in dispute the case should not be disposed of on motion before reaching the jury, Alabama Digest, *Trial* ☞142.

Under one view of the evidence in the record, an oral contract was reached between plaintiff and defendant whereby deliveries were to be made to Builders of

Huntsville. It is beyond dispute that plaintiff made deliveries to Builders of Huntsville. There is evidence that these deliveries took place at times and locations of which defendant had notice and to which no objection was made. There is also some testimony that defendant requested these deliveries, and designated an employee of Builders of Huntsville to sign invoices at the jobsite. This evidence, if believed by the jury, would tend to establish that delivery to the designated employee was one of the terms of the oral contract, and would render any acceptance of the deliveries by him attributable to defendant.

The evidence shows that the designated employee, Mr. Witt, signed the invoices exhibited in the record. Furthermore, Builders of Huntsville subsequently built structures with those materials, thereby putting the goods beyond the reach of any future use or resale by plaintiff, clearly an act inconsistent with plaintiff's ownership which amounts to an acceptance of the goods.

■ There is also a dispute in the evidence as to the existence of an agreement of binding force in which defendant clearly promised to pay for any goods so delivered and used. The oral testimony on this point is in conflict and the documentary evidence is ambiguous, adding to the confusion. This is a clear factual issue calling for resolution by the jury. The instruction given by the trial judge accurately framed the question presented by stating:

"The jury must return a verdict for Defendant unless you are reasonably satisfied from the evidence there was a contract between Plaintiff and Defendant whereby Defendant contracted to pay for materials sold by Plaintiff to Builders of Huntsville."

The verdict for plaintiff indicates that the jury found such a contract to be in existence. There was no error in the trial court's refusal to deny the jury the opportunity to make such a finding. Moreover, we do not find denial of defendant's requested charge to be prejudicial to him. Defendant's status as a merchant is not relevant to the finding that an oral contract had been reached and goods "received and accepted" pursuant thereto: although only merchants can satisfy the statute of frauds in the manner prescribed by UCC § 2–201(2), a purchaser of any description can bind himself under the plain meaning of § 2–201(3). There is nothing in UCC § 2–201 which requires reversal of the decision below.

■ We now direct our consideration to that portion of defendant's brief which bases the assignments of error on Title 20, § 3 of the Code of Alabama 1940, as Recompiled 1958. No reference to this statute is made in any portion of the record below, and we feel that this disposes of defendant's contention. Review cannot be based on matter which is brought up for the first time at the appeal stage of a suit, Alabama Digest, *Appeal and Error* ☜169.

■■ Although both Title 7A, § 2–201 and Title 20, § 3 of the Alabama Code provide affirmative defenses which fit into the generic category of statute of frauds, they provide distinctly different grounds of defense. They are not concurrent, even though in a limited number of fact situations both might apply. Basing a theory of defense on one of them is not equivalent to pleading the other. Therefore, while we do not say that the specific statute on which a defense is grounded must be presented with a high degree of technical precision, we do hold that the total absence in the present record of any citation to the statute or embodiment of its operative elements in either party's pleadings or motions indicates beyond doubt that the statute was not a matter before the trial court. It is not appropriate for defendant to introduce this new issue in his brief.

The effect which the prohibition against premier introduction of new matter at the

appeal stage has on each of defendant's contentions can be summarized succinctly as follows:

 Summary judgment must be granted or denied on the record which is before the trial court at the time the motion is heard. A party cannot add new theories or advance new issues in order to gain reversal of the ruling on the motion for summary judgment. *Booth v. State Farm Mutual Automobile Ins. Co.,* 138 F.2d 844 (4th Cir. 1943), cert. den., 321 U.S. 783, 64 S.Ct. 637, 88 L.Ed. 1075 (1944); *De-Bardeleben v. Cummings,* 453 F.2d 320 (5th Cir. 1972).

■ Motion for directed verdict must state the specific grounds therefor. A party cannot appeal denial of his motion by claiming it should have been granted on a new ground not specifically set forth below. *Western Oil Fields, Inc. v. Pennzoil United, Inc.,* 421 F.2d 387 (5th Cir. 1970).

■ A party objecting to the refusal of a jury instruction must state distinctly the excluded matter to which his objection refers. He cannot cite as error the refusal of the trial court to give an instruction containing matter which was not requested below. *Campbell v. Clark,* 283 F.2d 766 (10th Cir. 1960).

We conclude therefore that Title 20, § 3 of the Alabama Code of 1940, as Recompiled 1958, provides no basis for finding error on the part of the trial court.

It is necessary at this point to clarify the scope of the decision we have reached. This court is mindful that the authorities are split as to whether an affirmative defense enumerated in Rule 8(c) of the rules of civil procedure is waived if not pleaded in the answer or whether it can be revived by motion at a later stage. *Suckow Borax Mines Consol. v. Borax Consol.,* 185 F.2d 196 (9th Cir. 1950), cert. den., 340 U.S. 943, 71 S.Ct. 506, 95 L.Ed. 680 (1950); *Williams v. Murdoch,* 330 F.2d 745 (3d

Cir. 1964); but see *Roe v. Sears, Roebuck & Co.,* 132 F.2d 829 (7th Cir. 1943) *contra.* The resolution of that question must await a case in which the facts present it as an issue. This is not such a case. The motions before us did not raise Title 20, § 3, and thus cannot possibly be construed as reviving that defense.

No error having been committed below, we affirm the decision of the trial court.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.