EDWARD N. SCRUGGS, Retired Circuit Judge.
The trial court granted the motion for a summary judgment of the First National Bank of Birmingham (bank) and the plaintiff (Mr. Keenon) appeals.
On October 9, 1978, Mr. Keenon filed his complaint against the bank alleging that the bank was the executor of the estate of Marion K. Bradford, deceased; that, in the distribution of the assets of that estate Mr. Keenon was awarded certain property in Chicago; and that the bank had negligently failed to pay the taxes on that property to Mr. Keenon’s injury and damage.
The bank’s answer included the defense of the statute of limitations.
After the hearing upon the bank’s petition for a final settlement of Mrs. Bradford’s estate, the Probate Court of Jefferson County, in its February 25, 1976 judgment of final settlement, ordered the bank to transfer to Mr. Keenon a note and purchase money mortgage on the Chicago property. A few weeks later, Mr. Keenon receipted the bank for the transfer and assignment of the note and mortgage. In July 1976 Mr. Keenon instituted foreclosure proceedings against the Chicago mortgagees as to the Chicago property and he became the purchaser at the foreclosure sale on November 22, 1976.
On August 13, 1976, a commitment for title insurance was issued to Mr. Keenon by Chicago Title Insurance Company. This instrument disclosed delinquent or unpaid taxes, interest, penalty and costs against the Chicago property for the years 1969, 1972,1973 and 1974. At the hearing on the bank’s motion for a summary judgment, Mr. Keenon personally testified. In answer to questions propounded to him by his counsel as well as by the bank’s attorney, he unequivocally stated that he first learned about the back taxes on August 13, 1976.
*70 Mr. Keenon further testified that on January 4, 1977, he and his Chicago attorney proceeded to the County Clerk’s office in Chicago to ascertain the amount of taxes past due upon the Chicago property and that he then received from that office a written itemized list of the delinquent taxes, and, that on that date, January 4, 1977, he knew that the taxes had not been paid.
Near the conclusion of that summary judgment hearing, the court engaged in the following exchange with Mr. Keenon:
The Court: 2-25-76, Probate Decree?
Mr. Keenon: Right
The Court: 4r-5-76, Culver gives you the documents?
Mr. Keenon: .Yes
The Court: 8-13-76, title policy?
Mr. Tate: Showing the taxes.
The Court: Showing the taxes.
Mr. Tate: And the City of Chicago suit.
The Court: Is that right?
Mr. Keenon: Right
The Court: 1-4-77, went to the Courthouse with lawyer in Chicago, that the next winter?
Mr. Keenon: Yes.
The primary issue for determination regarding the pleaded statute of limitations defense is whether Mr. Keenon brought the action within one year or within one year of the discovery. Code 1975, §§ 6-2-3, 6-2-39(a)(6).
A motion for a summary judgment is one of the procedural vehicles whereby the issue of an action being barred by the statute of limitations may be raised and determined in a proper case. Spears v. Short, 380 So.2d 291 (Ala.1980); Engel Mortgage Co. v. Triple K. Lumber Co., 56 Ala.App. 337, 321 So.2d 679 (1975).
The complaint alleged negligence. The action sounded in tort and the statute of limitations of one year is applicable. Blythe v. Enslen, 203 Ala. 692, 85 So. 1 (1919). However, even if the complaint had been based upon fraud, Mr. Keenon would have had only one year from its discovery within which to file his action. § 6-2-3, Code 1975.
It is now immaterial whether Mr. Keenon first discovered the existence of the delinquent property taxes in August 1976, after he examined the title commitment document, or whether his discovery thereof occurred on January 4, 1977, when he personally went to the County Clerk’s office in Chicago accompanied by his Chicago attorney and then and there received a complete and detailed list of the delinquent taxes against the Chicago property. In either admitted event, the statute of limitations of one year had run prior to the filing of the present civil action on October 9, 1978.
We should not be construed as holding, by implication, that a cause of action arose in this case for statute of limitation purposes only as of the date of discovery. We do not decide when the statute began to run. The date of the alleged negligence or injury therefrom, of course, happened prior to the date of discovery, and we merely decide that, even if the most recent date applies, which happens to be the discovery date, Mr. Keenon’s action is barred.
The trial court had no proper alternative but to grant the bank’s motion for a summary judgment because the one-year statute of limitations constituted a bar to his civil action. Our only recourse is to affirm that judgment.
The remaining stated issue is pretermit-ted.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code 1975 and his opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.