BRADLEY, Judge.
This is an agency case.
Scottsboro Newspapers, Inc. (the newspaper) brought an action against Warehouse Groceries, Inc. (Warehouse), and Warehouse Groceries of Scottsboro, Inc. (Scottsboro Corporation), to recover *980 $9,782.95 for newspaper advertisements placed for the Scottsboro Corporation. A judgment was rendered in favor of plaintiff and against the defendants. Warehouse appeals.
After an ore tenus hearing the trial court found that the original account at the newspaper was established in the name of Warehouse Groceries, Inc., with all orders at issue placed by its employee Elmer Bishop; that the Scottsboro Corporation and Warehouse had a management contract making Warehouse the Scottsboro Corporation’s agent for all matters pertinent to this suit; and that the agency relationship was undisclosed to the newspaper. The trial court then held that “Where an agent fails to disclose the fact that he acts for a principal or 'fails to disclose the identity of the principal, both the agent and the principal may be bound.”
Warehouse first contends that the trial court erred in finding that the newspaper’s original account was set up in the name of Warehouse Groceries, Inc.; that monthly billings were sent in that name; and that Elmer Bishop placed the ads. We do not agree. The trial court heard the evidence without a jury. Where a trial court hears evidence ore tenus, an appellate court will not disturb the trial court’s findings of fact unless the evidence is insufficient to support it or the decision is plainly erroneous, palpably wrong, and manifestly unjust. Cotton States Mutual Insurance Co. v. Michalic, 443 So.2d 927 (Ala.1983); Belcher v. Versatile Farm Equipment Co., 443 So.2d 912 (Ala.1983). In the case at bar there was ample testimony from which the trial court could have found as it did.
Next, Warehouse argues that the trial court erred in concluding that Warehouse failed to disclose the identity of its principal, the Scottsboro Corporation. Again, we disagree. The tendency of the evidence is to support the trial court’s finding of an undisclosed principal-agency relationship.
The evidence reflects that the newspaper dealt with a man by the name of Bishop, who was an employee of Warehouse. Bills were sent by the newspaper, sometimes in the name of Warehouse and sometimes in the name of Warehouse Grocery, to Albert-ville, Alabama. The management division of Warehouse, acting as the Scottsboro Corporation’s agent, then sent a check back to the newspaper drawn on the account of the Scottsboro Corporation at the same Al-bertville address to which the bills were sent.
The burden of disclosing the principal-agent relationship so that the agent can escape the liability of the principal is on the agent. Armour Packing Co. v. Vietch-Young Produce Co., 39 So. 680 (Ala.1903). The agent has the duty to disclose both that he is acting in a representative capacity and the identity of his principal. 3 C.J.S. Agency § 369 (1973). Here, the agent, Warehouse, failed to disclose that it placed the newspaper advertisements as the agent of the Scottsboro Corporation. When an agent fails to disclose to a third party with whom he is dealing that he is acting for a principal, his liability is the same as that of the principal. Davis v. Childers, 381 So.2d 200 (Ala.Civ.App.1979).
Due to the similarity of the names. of the entities involved and that the address for the two entities was the same, the fact that the ads were paid for by a check drawn on the account of the Scottsboro Corporation is insufficient to constitute a disclosure of the agent’s principal.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.