This is a case involving the statute of frauds.
After an ore tenus hearing, the trial court entered a judgment in favor of the plaintiff in the amount of $740. The plaintiff appeals and we reverse. *Page 1150 
Viewing the record in the light of the appropriate standard, we find the following is pertinently revealed:
Plaintiff, a restaurant supply business, entered into an oral agreement to sell goods to the defendant for resale to Billy Bob's Downhome Eats restaurant. Plaintiff had earlier refused to extend credit to Billy Bob's due to its poor credit.
Plaintiff and defendant agreed that, although delivery of the goods would be made to Billy Bob's, all charges would be to defendant's account. All invoices relating to goods delivered to Billy Bob's were hand delivered to the defendant. The defendant at one point informed the plaintiff to make no more shipments to Billy Bob's. However, after Billy Bob's made requests for further shipments, defendant authorized further sales not exceeding "13,000 or 14,000 dollars."
Defendant was hand delivered invoices totaling $13,337.14 for goods shipped to Billy Bob's.
The trial court, after hearing all of the plaintiff's evidence, in effect, granted a Rule 41 (b), A.R.Civ.P., motion to dismiss with regard to all of the invoices except an initial $740 purchase by the defendant. The trial judge's exclusion of this evidence was based upon his finding of noncompliance with the statute of frauds codified at Ala. Code (1975), §§ 7-2-201
and 8-9-2.
The plaintiff on appeal argues that the trial court erred in granting defendant's motion to dismiss on the basis of Ala. Code (1975), §§ 7-2-201 and 8-9-2. The defendant has not favored this court with a brief.
Section 7-2-201, Ala. Code (1975), requires all contracts for the sale of goods of $500 or more to be in writing and signed by the party against whom enforcement is sought or by his authorized agent or broker. However, there are certain exceptions enumerated, one of which is found at Ala. Code (1975), § 7-2-201 (3)(c). This exception provides as follows:
 "(3) A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable:
". . . .
 "(c) With respect to goods for which payment has been made and accepted or which have been received and accepted (section 7-2-606)."
This exception, argues the plaintiff, is applicable to the case at bar.
The goods in the case at bar were delivered not to the defendant, but to a third party, Billy Bob's. Plaintiff argues that, under § 7-2-201 (3)(c), a third party can "receive" and "accept" goods under a contract between the contracting parties and the contract still fall within the exception to the statute of frauds.
It is a settled rule of law in Alabama that goods can be "received" and "accepted," as prescribed within § 7-2-201
(3)(c), even though that receipt and acceptance is by a noncontractual third party. See Fendley v. Dozier Hardware Co.,449 So.2d 1236 (Ala. 1984); Engel Mortgage Co. v. Triple KLumber Co., 56 Ala. App. 337, 321 So.2d 679 (1975). The receipt and acceptance of goods constitutes an unambiguous overt admission that a contract actually exists. Ala. Code (1975), §7-2-201 (3)(c) comment 2.
We find that in the case at bar the contract between the parties falls within the § 7-2-201 (3)(c) statutory exception to the statute of frauds. This finding is based upon defendant's authorization to plaintiff to ship goods to a third party and charge those goods to defendant's account. Those goods having been "received" and "accepted" by the authorized third party, the provisions of § 7-2-201 (3)(c) are met.
Further, we find the receipt and acceptance of invoices by the defendant, evidencing shipments of goods to a third party by the plaintiff, to be additional evidence supporting our finding that a contract existed between the parties.
The trial court further relied on Ala. Code (1975), § 8-9-2, for support in granting defendant's motion. Plaintiff argues that § 8-9-2 is inapplicable due to the *Page 1151 
"original" nature of the agreement between the parties.
Section 8-9-2 provides as follows:
 "In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
". . . .
 "(3) Every special promise to answer for the debt, default or miscarriage of another."
It has been held in Herrington v. Central Soya Co., 420 So.2d 1
(Ala. 1982), and reaffirmed in Fendley v. Dozier Hardware Co.,449 So.2d 1236 (Ala. 1984), that in order to determine if an agreement is within § 8-9-2 (3) or not it must first be determined if an agreement is "collateral" or "original" in nature.
"`Collateral' agreements are those in which the object of the promise is to become the guarantor of another's debt; these are within the statute and must be in writing to be enforceable."Fendley, 449 So.2d at 1238 (quoting Herrington, 420 So.2d at 3). "`Original' agreements are those in which the effect of the promise is to pay the debt of another, but the object of the promise is to promote some purpose of the promisor." Fendley, 449 So.2d at 1238 (quoting Herrington, 420 So.2d at 3).
The record shows that the defendant agreed to pay for goods shipped to Billy Bob's in order to make a profit. Thus, while the effect was to pay for goods intended for use by Billy Bob's, the purpose was to make a profit by charging Billy Bob's $1,000 more than he paid the plaintiff. We find this agreement to be "original" in nature and thus outside the scope of §8-9-2.
We find, in light of the above, that the trial court improperly granted the defendant's motion and erroneously excluded those invoices evidencing shipments to Billy Bob's but not containing defendant's signature.
This case is due to be and is hereby reversed and remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.