Fletcher Oil Company, Inc., (hereinafter "Fletcher Oil"), sued David Hilburn to recover a debt of $45,730.75 owing on an open account in the name of "Hilburn Towing Company" for the delivery of fuel. The trial court, sitting without a jury, heard the evidence and entered judgment in favor of Fletcher Oil in the amount of the outstanding indebtedness, finding that David Hilburn was personally liable for the debt of his business, Hilburn Towing Company, Inc. (hereinafter "Hilburn Towing"). Hilburn appeals. We affirm.
The findings of fact of a trial court hearing disputed evidence presented ore tenus are presumed to be correct and will not be disturbed on appeal unless plainly erroneous or manifestly unjust. Nora v. Nora 494 So.2d 16 (Ala. 1986). We are of the opinion that there is evidence in the record which supports the trial court's findings.
The following evidence was presented: David Hilburn is the sole officer and shareholder of Hilburn Towing. The company was incorporated in 1972. Hilburn Towing purchased fuel from Fletcher Oil in 1972 or 1973, but discontinued such purchases until 1982. In 1982, David Hilburn called the president of Fletcher Oil, C.W. Fletcher, and requested that Fletcher Oil supply fuel for Hilburn's tug boats. Hilburn testified that he told C.W. Fletcher that the fuel was for Hilburn Towing Company, and that the company would pay the bill for all deliveries of fuel. Hilburn also stated that he never told Fletcher that Hilburn Towing Company was a corporation and that Fletcher never asked whether the company was incorporated. However, Hilburn stated that Fletcher should have known that Hilburn Towing was a corporation because of the length of time it had been in existence and because of the prior transactions between Fletcher Oil and Hilburn Towing. On the other hand, Fletcher testified that he did not know that Hilburn Towing was incorporated and he testified that Hilburn agreed to pay the fuel bills personally. Fletcher stated that he relied on Hilburn's statement that he would pay for the fuel deliveries personally and did not look to Hilburn Towing for payment. Fletcher also testified that he was not aware of the fact that Hilburn Towing was incorporated until he attempted to collect the indebtedness from Hilburn.
Between February and May 1982, Fletcher Oil delivered fuel to one vessel owned by Hilburn Towing Company, Inc.; and to another vessel owned by D H Towing Company, apparently another corporation in which Hilburn was the sole shareholder.
Fletcher Oil's bookkeeper testified that Hilburn's account was in the name of "Hilburn Towing Company," rather than in David Hilburn's name, and that two checks received by Fletcher Oil in partial payment of the account were drawn on the account *Page 615 
of "Hilburn Towing Company, Inc." Statements of the account were sent in the name of "Hilburn Towing Co.," and were sent to the company's business address.
The record reflects that the trial court found that Fletcher was relying on Hilburn individually, and not Hilburn Towing Company, Inc., to pay all indebtedness for the fuel deliveries and, therefore, that Hilburn was personally liable for the payment of the debt.
Hilburn argues that the trial court's holding that he is personally liable on the debt was erroneous because Fletcher Oil (through C.W. Fletcher) knew, or should have known, that Hilburn was acting as an agent of Hilburn Towing and not individually. In contrast, Fletcher Oil contends that the burden of disclosing the existence of an agency relationship and the identity of the principal is on the agent (here Hilburn), and that a third party (here Fletcher Oil) is under no duty to inquire about the capacity in which the purported agent acts.
Caselaw supports Fletcher Oil's position. As stated in Davisv. Childers, 381 So.2d 200, 202 (Ala.Civ.App. 1979):
 Generally when an agent, acting within his real or apparent authority, enters a contract on behalf of his principal, only the principal is bound and subject to suit on the contract. However, where the agent fails to disclose the fact that he acts for a principal or fails to disclose the identity of his principal, both the agent and the principal may be bound. Wood v. Brewer, 73 Ala. 259 (1882).
And in Warehouse Groceries, Inc. v. Scottsboro Newspapers,Inc., 457 So.2d 979, 980 (Ala.Civ.App. 1984), the court opined:
 The burden of disclosing the principal-agent relationship so that the agent can escape the liability of the principal is on the agent. Armour Packing Co. v. Vietch-Young Produce Co., 39 So. 680
(Ala. 1903). The agent has the duty to disclose both that he is acting in a representative capacity and the identity of his principal. 3 C.J.S. Agency § 369 (1973).
Of course, the agent's liability under this theory hinges upon whether the purported principal was in fact "undisclosed." Although our prior cases have not directly stated when a principal is deemed to be "disclosed" for the purpose of not imposing liability on a purported agent, the courts of other jurisdictions have decided this question. See, e.g., Van D.Costas, Inc. v. Rosenberg, 432 So.2d 656, 659 (Fla.Dist.Ct.App. 1983); Potter v. Chaney, 290 S.W.2d 44, 46 (Ky. 1956);Fernandez v. Miller Richards Aircraft Sales, Inc.,487 So.2d 660 (La.Ct.App. 1986). In Potter v. Chaney, the court stated:
 A principal is disclosed if "at the time of a transaction conducted by the agent, the other party thereto has notice that the agent is acting for a principal and of the principal's identity." See Restatement of the Law of Agency, Vol. 1, Sec. 4, p. 15; Resnick v. Abner B. Cohen Advertising, Inc., D.C.Mun.App., 104 A.2d 254 [(1954)]. . . . The inquiry . . . boils down to whether appellants at the time of the agreement had such notice of the principal's existence and of its identity that they knew or would have reason to know or should have known appellee was not contracting as an individual. See Restatement of the Law of Agency, Vol. 1, Sec. 9, p. 28.
290 S.W.2d at 46. It follows that in cases in which the purported agent proves that both his agency status and the existence of the purported principal were known by the third party with whom he contracts, the third party may not hold the purported agent personally liable simply because the agent failed to expressly notify the third party of his status or of the identity of his purported principal. To this extent, Hilburn's argument is well founded.
However, Hilburn's argument will not relieve him of personal liability under the facts of the instant case, even if it were determined that his status and the identity of his purported principal were disclosed to Fletcher Oil. Restatement (Second)of Agency § 320 (1957) provides: *Page 616 
 Unless otherwise agreed, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract. [Emphasis supplied.]
See also Anderson v. Timberlake, 114 Ala. 377, 22 So. 431
(1897). There is ample evidence in the record on appeal from which the trial court could have concluded that, without regard to agency and corporate status, Hilburn agreed to personally incur the responsibility of paying for the deliveries of fuel and that pursuant to this original agreement,[1] Fletcher Oil looked to Hilburn exclusively for the payment of the outstanding indebtedness.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.
[1] The agreement between Fletcher Oil and Hilburn was oral. However, the agreement is not violative of the Statute of Frauds because the promise was an original promise to incur primary liability for a debt. See Code 1975, § 8-9-2 (3), andBrindley Construction Co. v. Byco Plastics, Inc., 456 So.2d 269
(Ala. 1984). In addition, the agreement is enforceable despite non-compliance with the statute of frauds provision related to the sale of goods found in Code 1975, § 7-2-201, because the goods in the instant case were "received and accepted" by Hilburn. See Code 1975, § 7-2-201 (3)(b) and (c).