Milltex Industries Corporation ("Milltex") appeals from a summary judgment in favor of Jacquard Lace Company, Ltd. ("Jacquard"), on Jacquard's claim for monies owed on account and on Milltex's counterclaim for breach of contract. Because there were no triable issues of fact and *Page 1223 
Jacquard was entitled to a judgment as a matter of law, we affirm.
In late 1986, Jacquard, an Alabama-based textile manufacturer, initiated contact with Milltex, a New York-based converter company, via telephone, to solicit Milltex's business. After a representative of Jacquard and a representative of Milltex met in New York and in Alabama, the parties entered into an oral agreement whereby Jacquard agreed to produce for Milltex "griege goods" (an unfinished textile) with yarn supplied by Milltex.
Pursuant to this agreement, Jacquard produced and shipped to Milltex, F.O.B. Huntsville, 23,000 pounds of the goods. Although Milltex accepted the goods, it did not remit payment for them. After attempting, unsuccessfully, to collect from Milltex the $43,467.80 due for the goods shipped to and accepted by Milltex, Jacquard filed this action to collect the amount due on Milltex's account. Milltex filed a counterclaim against Jacquard alleging breach of contract, contending that, pursuant to the oral agreement, Jacquard had agreed to ship 40,000 pounds of the goods, and that, as a result of the breach of the alleged 40,000-pound contract, it had suffered $71,000 in damages. Jacquard filed a motion for summary judgment, and it was granted as to both Jacquard's claim and Milltex's counterclaim. Milltex appeals.
We first address Milltex's contention that it lacks sufficient contact with the State of Alabama for the trial court to have in personam jurisdiction over it. Milltex voluntarily contracted with Jacquard to accept and pay for conforming goods. It is reasonable to infer from the evidence of record that some of the negotiations took place in Alabama, some in New York, and some by telephone. Michael Selim, the president of Milltex, testified that he did initiate later phone conversations with Jacquard representatives that led to the parties' oral agreement.
Furthermore, the contract was performed in Alabama. Milltex purposely availed itself of the privilege of conducting business in this State and the very claims asserted in this action relate to the business transacted here. We hold, therefore, that Milltex does have sufficient contact with this state to give this state jurisdiction over it. That is to say, under the totality of these circumstances, it is fair and reasonable, and not a denial of due process, to require Milltex to come to this state to defend the action. See Rule 4.2(a)(2)(I), A.R.Civ.P.
In regard to Jacquard's claim for the $43,467.80 owed by Milltex on account, Code 1975, § 7-2-201(3), is controlling. That section, in pertinent part, provides:
 "A contract which does not satisfy the requirements of subsection (1) [i.e., one that is not in writing] but which is valid in other respects is enforceable:
" . . . .
 "(c) With respect to goods . . . which have been received and accepted. . . ."
In regard to this Code section, the Alabama Court of Civil Appeals, in Engel Mortgage Co. v. Triple K Lumber Co.,56 Ala. App. 337, 341, 321 So.2d 679, 682 (1975), held:
 "This text clearly indicates that, even where the value of the goods named to a contract exceeds $500, the absence of a signed writing does not bar seller from recovering the price of goods when the following are found to have happened: (1) an agreement of purchase and sale regarding the goods has actually been reached; (2) delivery of the goods in the manner, time and place agreed upon has been accomplished; and (3) any act or omission constituting acceptance of the goods under UCC § 2-606 has been manifested."
See, also, Hilburn v. Fletcher Oil Co., 495 So.2d 613 (Ala. 1986). It is undisputed that the parties had an oral agreement and that Milltex received and accepted 23,000 pounds of "griege goods."
Milltex contests the amount charged for the goods accepted. It contends that the agreed-upon price was $4.15 per pound and that Jacquard, in violation of the oral agreement, increased the price to $4.50 per pound; thus, argues Milltex, a fact question is presented on this issue. This argument *Page 1224 
is untenable in light of the fact that the invoices clearly reflected the amount charged for each shipment that Milltex received and accepted and the fact that Milltex received and accepted them without written notice of objection to the increased price. See West Point-Pepperell, Inc. v. Bradshaw,377 F. Supp. 154 (M.D.Ala. 1974). See, also, Code 1975, §7-2-209(4) and § 7-2-606(1). Furthermore, this holding is consistent with § 7-2-201(2), which prescribes that, as between merchants (as in this case), a confirmatory writing sent to a buyer satisfies the "writing" requirement of subsection (1), unless an objection in writing is given within 10 days,
We further hold that the judgment on Milltex's counterclaim was appropriate as a matter of law. Milltex argues that the parties entered into an agreement for 40,000 pounds of "griege goods"; however, Milltex has produced no writing evidencing such an agreement. Thus, the alleged contract violates the provisions of Code 1975, § 7-2-201(1), which, in pertinent part, provides:
 "Except as otherwise provided in this section a contract for the sale of goods for the price of $500.00 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker."
Milltex contends that the 10-day notice provisions of Rule 56(c), A.R.Civ.P., were not complied with, and that the noncompliance prevented it from submitting evidence in opposition to the motion. The hearing on the merits of the case was set for February 22, 1988, and Milltex did not receive notice of the motion relating to its counterclaim until February 17, 1988. Milltex argues that, if it had received the requisite 10-day notice, it could have submitted testimony in opposition to Jacquard's motion.
Testimony regarding the alleged 40,000-pound contract would not have allowed Milltex to successfully counter the motion; only a writing evidencing the alleged agreement would have required the trial court to rule in favor of Milltex on the summary judgment motion. Milltex has not produced, nor does it allege that it can produce, such a writing.
Assuming, without deciding, that the trial court's failure to comply with the 10-day notice provision of Rule 56(c) was error, we hold that that error would have been without injury. Rule 45, A.R.App.P. This Court, in Kelly v. Harrison,547 So.2d 443 (Ala. 1989), explained:
 "The mere failure of strict compliance [with the 10-day provision] does not necessarily end the inquiry. The requirements of Rule 56(c) are procedural in nature and the trial court is afforded a range of discretion in their application. If the adverse party seeks additional time to submit substantial matters in opposition to the motion or seeks discovery of matters that might lead to a defense, the trial court's denial of the minimum time prescribed by the Rule would be arbitrary and thus an abuse of discretion.
 ". . . [T]o sustain the burden of demonstrating an abuse of discretion, the adverse parties [need] only to come forth with any showing that the denial of the full ten-day notice period worked to their prejudice."
547 So.2d at 445.
Because there is no factual issue to be resolved, and because Milltex has made no showing that it has been prejudiced, we hold that the trial court's failure to strictly comply with the 10-day notice provision of Rule 56(c) is not reversible error.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur. *Page 1225