THIGPEN, Judge.
Joseph W. Thompson, Jr., a building owner, sued A.D. McLeod, Winfred Loper, Curtis Howard, and Sleep Systems, Inc. (Sleep), for rental payments from February 1, 1989, through July 1990, a period of eighteen months. McLeod contended that the obligation was that of Sleep, and that he and Loper merely negotiated the lease as agents of the corporation, and that they were not personally liable to Thompson. Further, McLeod counterclaimed, seeking recovery of equipment located on the premises, which was used by the company in the manufacture of mattresses. McLeod contended that the equipment, a special sewing machine, was his personal property.
The record reveals that McLeod and Lop-er personally contacted Thompson’s father, who, acting as Thompson’s agent, agreed to lease the property to McLeod and Loper for a period of two years for a monthly rent of $700 for the first year and $800 for the second year. The amount of the rent due is not in dispute, nor is the agency of Thompson’s father disputed. It appears that although some attempt was made by McLeod to reduce the lease to writing, it continued as an oral lease. McLeod and Loper manufactured mattresses under the name Sleep. McLeod held 54% of the corporation stock. After approximately six months of operation, during which the rent was paid by the corporation, McLeod informed Thompson that he had been “kicked out” of the company. McLeod did not tell Thompson that he would no longer be responsible for the rent, nor did McLeod ask to be relieved of future liability. McLeod contends that this notice relieved him of any further liability on the lease agreement.
It is undisputed that at the time the parties entered into the lease agreement, neither McLeod nor Loper informed Thompson that they were acting as agents for a corporation or that a corporation would be responsible for the rent. Moreover, McLeod did not deny personal liability for the first six months’ rent. The record contains no explanation of the disposition of McLeod’s position with the corporation or his stock therein. Of all the defendants, only McLeod appeared to defend.
Following ore tenus proceedings and extensive testimony, the trial court found in favor of Thompson and against McLeod and Loper, and entered judgment accordingly for the amount of rent in default. The trial court found in favor of Curtis Howard and Sleep, apparently finding that they were not parties to the lease. Further, the trial court found in favor of Thompson on McLeod’s counterclaim for the machine left on the premises and entered an order denying McLeod’s requested relief. It is from this judgment that McLeod appeals. We affirm.
McLeod raises essentially two issues, i.e., 1) whether the corporation and not McLeod personally should have been found responsible for the rent, and 2) whether the machine located on the premises was McLeod’s personal property to which he is entitled.
The findings of fact of a trial court receiving disputed evidence ore tenus are presumed to be correct and will not be disturbed on appeal unless plainly erroneous or manifestly unjust. Nora v. Nora, 494 So.2d 16 (Ala.1986). The record sup *92 ports the trial court’s findings and judgment. The record reflects that the trial court found that Thompson was relying on McLeod and Loper individually, and not Sleep, to pay the rent due by virtue of the lease, and therefore, that McLeod and Lop-er were personally liable for payment of the rent. McLeod seems to argue that the trial court’s holding that he is personally liable for the debt was erroneous because Thompson knew, or should have known, that McLeod was acting as an agent of Sleep, and that after he was “kicked out” of the company, he would no longer be responsible for the rent.
“Generally when an agent, acting within his real or apparent authority, enters a contract on behalf of his principal, only the principal is bound and subject to suit on the contract. However, where the agent fails to disclose the fact that he acts for a principal or fails to disclose the identity of his principal, both the agent and the principal may be bound.”
Davis v. Childers, 381 So.2d 200, 202 (Ala.Civ.App.1979). The burden of disclosing the principal-agent relationship so that the agent can escape the liability of the principal is on the agent. Armour Packing Co. of Louisiana v. Vietch-Young Produce Co., 39 So. 680 (Ala.1903). The agent has the duty to disclose that he is acting in a representative capacity and to disclose the identity of his principal. Hilburn v. Fletcher Oil Co., 495 So.2d 613 (Ala.1986). It is undisputed that at the time McLeod and Loper negotiated the lease with Thompson, no mention of agency or corporate status was discussed with Thompson. It is also undisputed that the first month’s rent was paid by a personal check. “A principal is disclosed if 'at the time of a transaction conducted by the agent, the other party thereto has notice that the agent is acting for a principal and of the principal’s identity.’ See Restatement of the Law of Agency, Vol. 1, Sec. 4, p. 15.” Hilburn at 615 (quoting Potter v. Chaney, 290 S.W.2d 44, 46 (Ky.1956)). Based on the foregoing, there was ample evidence in the record from which the trial court could have concluded that McLeod and Loper, without regard to agency and corporate status, agreed to be personally responsible for paying the rent, and that Thompson relied exclusively upon McLeod and Loper for the payment of the outstanding indebtedness.
We next consider McLeod’s counterclaim regarding ownership of a sewing machine. There was evidence presented that McLeod purchased the machine in his name, and, therefore, that it was his personal property which he “loaned” to the business for its use in manufacturing mattresses. Although McLeod produced a bill of sale for the machine, there was a dispute regarding whether the funds used to purchase it came from the corporation, or whether the machine was contributed by McLeod as his capital for his stock. On being questioned as to certain transactions by and with the corporation, McLeod became evasive, and refused, at one point, to answer questions concerning certain matters on cross-examination. There was some testimony that other and different litigation may be pending to resolve certain of McLeod’s rights and responsibilities with regard to the corporation. In view of the disputed and evasive testimony of McLeod, and the trial court’s finding of individual responsibility for the indebtedness, the trial court could have viewed the machine as being subject to Thompson’s landlord’s lien, pursuant to Ala.Code 1975, § 35-9-60, thereby rightfully refusing to grant McLeod’s counterclaim for possession.
For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.