SAM A. BEATTY, Retired Justice.
Lebert Brannon Paint and Repair, Inc. (“Brannon Repair”), the plaintiff, appeals from a judgment for Sam Lanza, the defendant, in Brannon Repair’s action to recover damages for work and labor done and breach of contract. We reverse and remand.
Brannon Repair is a corporation engaged in a general contracting business. Lanza owned a building that was severely damaged by fire in early 1992. Brannon Repair contends that Mike Pope, who at the time was a salesman for the corporation, contracted with Lanza on behalf of the corporation to demolish this budding. Lanza testified that at the time the alleged demolition contract was made, he knew that Mike Pope was acting for Brannon Repair.
Pursuant to the alleged contract, which called for a price of $1,800 for the work, Brannon Repair’s employees and subcontractors undertook the demolition. The corporation thereafter submitted a statement to Lanza dated February 6, 1992, for the contract price. When this statement went unpaid, Brannon Repair contacted Lanza, only to be told that Lanza had already paid Mike Pope. Ultimately, Brannon Repair filed this action.
Brannon Repair’s complaint contained three counts: (1) a count alleging open account; (2) a count alleging work and labor done; and (3) a count alleging breach of contract. Lanza pleaded (1) accord and satisfaction and (2) payment to Brannon Repair’s agent, Mike Pope.
When the alleged contract with Lanza was made, Brannon Repair was engaged in negotiations with Joe Pope, who is the father of Mike Pope and who was also an employee of Brannon Repair, to allow Joe Pope to buy into the business. Both Joe and Mike Pope were drawing salaries from the corporation as its employees, and Lanza knew that Mike Pope was a Brannon Repair salesman. The buy-in deal never occurred, however, and Joe and Mike Pope left the employ of Brannon Repair.
Mike Pope’s association with Brannon Repair ended around the first of February 1992. Without any authority from Brannon Repair, Mike Pope called upon Lanza, with the view of obtaining for himself the business of rebuilding on the site. Lanza told Mike Pope that debris had not been removed from the lot, so Pope hired his own subcontractor, had that debris removed, and returned to Lanza. Previously, Lanza had executed, but had not tendered, his check in the amount of $1,800 payable to Brannon Repair. Mike Pope informed Lanza that he was no longer associated with Brannon Repair, so Lanza struck through the name of the payee written on the *861 check—Brannon Repair—and wrote in Mike Pope’s name as payee upon it. He then gave the check to Mike Pope, who negotiated it. Thus Lanza claimed that he had already paid the bill when Brannon Repair sued him for nonpayment.
The plea of accord and satisfaction was not established. That defense is recognized by statute: “An ‘accord’ is an agreement to accept in extinction of an obligation something different from or less than that to which the person agreeing to accept is claiming or entitled.” § 8-1-20, Ala.Code 1975. Furthermore, under § 8-1-22: “Acceptance of the consideration of an accord extinguishes the obligation and is called satisfaction.” Clearly, there was no “accord” between Lan-za and Brannon Repair, because Brannon Repair itself never accepted anything less, Mike Pope was not acting for Brannon Repair when he collected the money, and Lanza was not even offering less to either.
The defense of payment, likewise, was not established. The alleged contract for the payment of $1,800 was entered into between Lanza, who knew of Mike Pope’s authority as a salesman with authority to contract, and Brannon Repair. Under those circumstances, Mike Pope was acting for a disclosed principal. Cf. McLeod v. Thompson, 615 So.2d 90 (Ala.Civ.App.1992). After the demolition had occurred, but before payment of the contract price, Mike Pope notified Lanza that he, Pope, was no longer associated with Brannon Repair, so Lanza paid the contract price to Pope, not Brannon Repair. Thus, unfortunately, Lanza, although he had been notified, paid the wrong person; his obligation to Brannon Repair remained unsatisfied.
Lebert Brannon, the owner of Brannon Repair, testified that his corporation had a contract with Lanza for the demolition and that its performance was worth $1,800. On the other hand, Mike Pope testified that the parties did not have a contract at the time Brannon Repair began work, although he acknowledged that Brannon Repair’s employees did substantial work toward demolition of Lanza’s building. Lanza obviously believed this, because he initially executed a check made payable to Brannon Repair in the amount of $1,800.
We are mindful of the presumptions attendant in a case in which evidence is presented ore tenus. City of Bridgeport v. Citizens Action Committee, 571 So.2d 1089, 1091 (Ala.1990). After hearing conflicting evidence, the trial court obviously found that no special contract existed at the time the demolition work was done. The court erred, however, when it denied Brannon Repair any recovery on its claim for work and labor done. That claim clearly has merit. Both parties recognized that Brannon Repair had substantially demolished the building, and Lanza clearly accepted its work. Although Mike Pope testified that he completed the job for Lanza by clearing some debris left from the demolition, he estimated that 80% of the demolition work was performed by Brannon Repair. Thus, Brannon Repair was entitled to the value of the work and labor it did for Lanza.
“It is the settled law of this State that where one knowingly accepts services rendered by another, and the benefit and result thereof, the law implies a promise on the part of the one accepting with knowledge the services rendered by another to pay the reasonable value of such services rendered.”
Hendrix, Mohr & Yardley, Inc. v. City of Daphne, 359 So.2d 792, 795 (Ala.1978).
Because the trial court did not determine the value of the work and labor Brannon Repair did for Lanza, the judgment must be reversed and the cause remanded for a new trial. It is so ordered.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.