CRAWLEY, Judge.
In April 1998, Totality, Inc., sued a business known as Laundry Today; Ron Wein-stein; and Sheryl Weinstein (collectively “Laundry Today”), alleging breach of contract. Eternity Road Press is a New York limited liability corporation, and the Wein-steins are New York residents who are the publishers of the Laundry Today magazine. Laundry Today filed a Rule 12(b)(2), Ala. R. Civ. P., motion to dismiss, alleging that an Alabama court does not have personal jurisdiction over them. The trial court granted the motion and dismissed the action. Totality appeals.
Our supreme court has discussed the principles relating to personal jurisdiction over nonresident defendants such as those in this case, as follows:
“The requirements for personal jurisdiction over a nonresident defendant are set out in Rule 4.2(a)(2), Ala. R. Civ. P.:
“ ‘(2) Sufficient Contacts. A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person’s:
“ ‘(I) otherwise having some minimum contacts with this state, and under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action. The minimum contacts referred to in this subdivision (I) shall be deemed sufficient, notwithstanding a failure to ' satisfy the requirement of subdivisions (A-H) of this subsection (2), so long as the prosecution of the action against a person in this state is not inconsistent with the constitution of this state or the Constitution of the United States.’
“Service of process under Rule 4.2(a)(2) has been held to be as far-reaching as due process permits. However, the constitutional guaranty of due process precludes a court from asserting jurisdiction over a defendant unless the defendant has sufficient contacts with the forum state. Murray v. Alfab, Inc., 601 So.2d 878 (Ala.1992).”
Ex parte Kamilewicz, 700 So.2d 340, 341-42 (Ala.1997). See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-76, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), for a discussion of the United States Constitution’s due-process requirements for the exercise of personal jurisdiction over nonresident defendants.
Totality and Laundry Today are both New York corporations. Totality has an office in New York and a business office in Orange Beach, Alabama. Laundry Today’s principal place of business is New York. Laundry Today publishes a trade magazine marketed to the commercial-laundry industry. Totality is an advertising agency. Ron Weinstein is the president of Laundry Today and, until 1997, was the publisher of the magazine. In 1997, his wife, Sherry Weinstein, became the publisher.
In November 1996, Ron Weinstein met in New Jersey with John Hoey and David Hall, principals of Totality, to discuss the possibility of Totality’s soliciting advertisers for the magazine. Totality and Laundry Today entered into an oral contract *283 whereby Totality agreed to solicit advertisers for the magazine. In 1997, Sherry Weinstein terminated the contract. Totality filed this action, alleging breach of contract.
Totality argues that Laundry Today “purposely availed itself of the privilege of conducting business in [Alabama].” Milltex Industries Corp. v. Jacquard Lace Co., 557 So.2d 1222, 1223 (Ala.1990). Laundry Today contends that none of the business related to the contract between Laundry Today and Totality was transacted in Alabama. The record contains three letters sent to Laundry Today from Totality’s Orange Beach office. The record also contains evidence indicating that Laundry Today made a one-minute telephone call to Totality’s Orange Beach office. Ron Weinstein testified that he made all the payments pursuant to the contract to Totality’s New York office. Totality presented no evidence to contradict that testimony.
We conclude that Laundry Today did not have sufficient contacts with Alabama to subject it to the jurisdiction of an Alabama court. As stated above, Laundry Today received some correspondence from Totality’s Alabama office, and it made one telephone call to the Alabama office. The contract was made in New Jersey, and the uncontradicted evidence indicates that all the payments pursuant to the contract were made in New York. Other than the one telephone call, Laundry Today initiated no contacts with Totality in Alabama.
In Steel Processors, Inc. v. Sue’s Pumps, Inc. Rentals, 622 So.2d 910 (Ala. 1993), the supreme court held that a Florida corporation did not have sufficient contacts with Alabama where the Florida corporation bought goods fabricated in Alabama, where the goods were serviced in Florida, and where the Florida corporation initiated no contact with the Alabama corporation that sued. In this case, the defendants have even lesser contacts with Alabama. The uncontradicted evidence indicates that the contract was made in New Jersey and that the payments to Totality were made in New York. The only evidence of an Alabama contact is correspondence received from Totality’s Alabama office, but there was no evidence that any services were performed in Alabama.
The trial court properly dismissed Totality’s lawsuit because Laundry Today and the individual defendants did not have the contacts with Alabama necessary for Alabama to exercise personal jurisdiction over them.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.