BRADLEY, Judge.
This is an appeal from a denial of a motion for new trial.
On October 24, 1979 Christopher Kirya filed a complaint in the District Court of Macon County seeking to recover $1,500 he had given George B. Bulls, and George S. Bulls d/b/a Bulls Realty Company as a deposit in support of an oral agreement to purchase land. Kirya also alleged misrepresentation and conversion.
The defendants filed an answer denying the allegations of the complaint and counterclaimed for the unpaid portion of the agreed sales price, i. e. $3,400. Kirya did not answer the counterclaim but the district court deemed it denied.
After a hearing the district court concluded that Kirya had orally agreed to purchase the lots in question, and said that the only memorandum of this agreement was a receipt for a $500 down payment on the land on which there was written that the deposit was conditioned on a building loan being approved and a second receipt for an additional $1,000 paid to defendants but which contained no condition.
The district court thereupon entered a judgment in favor of Kirya for $750 and denied defendants’ counterclaim.
Kirya appealed to the Circuit Court of Macon County on April 22, 1980. On April 30, 1980 Kirya filed an answer to Bulls’ counterclaim (which had been originally filed in district court) in which he denied owing the balance of the purchase price. Kirya also raised for the first time the affirmative defense of the statute of frauds to the counterclaim only.
On October 9, 1980 the circuit court granted defendants’ motion to strike Kir-ya’s statute of frauds defense on the ground that it had not been raised in the district court, and, after a trial de novo, found that an oral agreement for the sale and purchase of land existed and rendered judgment for defendants on the plaintiff’s claim for $1,500. The trial court denied defendants’ counterclaim. Kirya then asked for a new trial contending that the court erred in finding that the parties’ agreement contained a forfeiture provision and that plaintiff had an obligation to make *60 a formal application for financing. The motion was denied and Kirya appealed to this court from that order.
Appellant raises two issues in brief. The first issue questions the validity of the trial court’s order striking his affirmative defense to the defendants’ counterclaim, and the second issue questions the sufficiency of the evidence to support the trial court’s findings of fact.
Although Kirya appealed only from the denial of his motion for a new trial, under A.R.A.P. Rules 3(c) and 4(a)(3) this court can decide the propriety of the trial court’s order striking appellant’s affirmative defense to defendants’ counterclaim even though this issue was not raised in the motion for a new trial. Rule 3(c) provides, in part: “The notice of appeal shall . . . designate the judgment [or] order . . . appealed from .... Such designation . . . shall not, however, limit the scope of appellate review.” Rule 4(a)(3) provides: “Any error or ground of reversal or modification of a judgment or order which was asserted in the trial court may be asserted on appeal without regard to whether such error or ground has been raised by motion in the trial court . . . . ” See McGough v. Slaughter, 395 So.2d 972 (Ala.1981); Reach v. Reach, 378 So.2d 1115 (Ala.Civ.App.1979), cert. denied, 378 So.2d 1118 (Ala.1980). Therefore appellant’s first issue is properly before this court.
An appeal from a district court is heard in circuit court by trial de novo. A trial de novo is normally considered a totally new proceeding wherein the court considers the evidence anew. State v. Ball-Co Contractors, Inc., 372 So.2d 331 (Ala.Civ.App.), cert. denied, 372 So.2d 335 (Ala.1979). It would thus seem to follow that in a trial de novo the parties could file additional pleadings.
In the present case, however, it is unnecessary to decide whether appellant rightfully filed an affirmative defense to appellees’ counterclaim in the circuit court after not having done so in the district court because the trial court ruled in favor of appellant on the counterclaim. In other words, if the trial court erroneously struck appellant’s affirmative defense to the counterclaim, such error would at most be harmless error since appellant could not have been prejudiced by such action in the light of the ruling on the counterclaim. Rule 45, A.R.A.P.
As to Kirya’s second issue, the circuit court made the following findings of fact in its judgment:
The essential terms of the agreement between the parties were that Plaintiff would purchase certain real estate for an agreed upon sales price of $4,900; an additional term was that Plaintiff would forfeit any amount paid in the event that he did not complete the transaction with the express limitation that forfeiture would not occur if Plaintiff could not obtain financing. At some point the parties consulted a contractor to obtain an estimate for the construction of a particular house. An estimate was given. Later Plaintiff was told the house he desired constructed would cost substantially more. Plaintiff went to First Federal Savings and Loan Association of Tuskegee where he discovered that he could only obtain 80% financing. Plaintiff testified that he could not afford to pay 20% down and that consequently he never made a formal application for financing. Plaintiff further testified that he never talked with any other financial institution.
Where the trial court enters judgment after hearing the evidence ore tenus, every presumption will be indulged in favor of its judgment and its findings will not be disturbed unless palpably wrong. Hibbett Sporting Goods, Inc. v. Biernbaum, 391 So.2d 1027 (Ala.1980).
After a careful examination of the evidence, we are convinced that it supports the finding that Kirya failed to prove that he had applied for and been denied financing for the construction of a house on the lots in question. Based on this state of the *61 record we cannot say that the circuit court’s judgment was palpably wrong.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.