Southeastern Electrical Supply Co., Inc. (Southeastern) commenced this action by filing a complaint which claimed a lien upon real estate owned by Edith Moore and *Page 1200 
which further demanded the sum of $6,253.24 against Edith Moore, Dave Knox and DLKCO, Inc., for materials purchased from Southeastern for the construction of the Moore home. Knox and DLKCO filed an answer and a cross-claim against Moore for breach of contract or, alternatively, for work and labor performed.
The trial court returned a judgment in favor of Southeastern against Dave Knox and DLKCO, Inc. for the sum of $6,253.24, and in favor of Knox and DLKCO against Moore for the sum of $6,253.24. It further rendered a judgment in favor of Knox and against Moore for $2,000 for work and labor performed.
Knox argues on appeal that the trial court erred in (1) finding that no contract existed between Knox and Moore, (2) finding that Knox and DLKCO, Inc. were directly liable to Southeastern for the accounts sued upon, and (3) awarding Knox a mere $2,000 for work and labor.
In late 1980 or early 1981 Dave Knox and Edith Moore began discussions about construction of a house for Moore. These discussions continued for over a year until an agreement was reached in June 1982. The agreement between the parties was strictly an oral agreement and was never reduced to writing. On June 30, 1982, Knox began construction of the house for Moore in Jackson County, Alabama.
As part of the agreement, Moore set up a special banking account known as the "Edith Moore Construction Account." Knox agreed to pay the construction bills for the house out of this account, which he did until September 9, 1982. At this time Moore discovered that the cost of construction had gone beyond her expectations and told Knox that from that time on she would handle payment of the construction bills. On October 25, 1982, Moore terminated the construction work and ordered Knox to leave the premises.
Southeastern Electrical Supply Co., Inc. furnished materials to Knox for the construction of the Moore house. Southeastern had not been paid when Moore became responsible for paying the construction bills. Moore refused to pay for the materials purchased from Southeastern, and Southeastern commenced this action to recover the purchase price of these materials.
The first issue raised by Knox is whether the trial judge erred in finding that no contract existed between Knox and Moore. Knox argues that the evidence is clear and undisputed that an agreement to construct a house was reached between him and Moore and that the terms of this agreement were substantially performed. Therefore, based on his substantial performance of the contract, Knox contends that he should have received a commission of $10,365, based on a fee of 7.5% of $138,200.
It is well settled in Alabama that where the record shows that a case is tried by the court, sitting without a jury, upon disputed facts heard orally, the conclusion of the trial judge will be affirmed if it is fairly supported by credible evidence under any reasonable aspect, and is not palpably wrong or manifestly unjust. Whitt v. McConnell, 360 So.2d 336 (Ala. 1978); Baptist Foundation of Alabama v. Penn, 295 Ala. 122,324 So.2d 766 (Ala. 1975). The trial court found in its original judgment in favor of Moore, as to the claim of Knox against Moore, of a 7.5% commission on the cost of the house. Knox claimed that such a commission was a part of the oral contract to build the house for Moore. On motion to alter, amend or vacate the judgment, the court denied the motion and by way of clarification stated its finding that there was no enforceable contract between Moore and Knox for the building of the house, because there had been no meeting of the minds of the parties as to all the material terms and conditions. It is evident from the testimony that the material term which the court found missing was the compensation to be paid Knox for the building of the house. Our review of that testimony supports the trial court's finding that there was no agreement as to that term. There was unquestionably an agreement for Knox to build Moore a home, and the evidence is clear that Knox substantially *Page 1201 
performed that task — albeit using money supplied by Moore. It must follow that if an agreement is performed without a meeting of the minds as to compensation for such performance, the compensation due is the fair and reasonable value of such service. Jones v. Leflore, 421 So.2d 1287 (Ala.Civ.App. 1982).
There was evidence that Knox paid himself substantial sums from funds furnished by Moore. He contended that those sums were spent by him for personal expenses and work and materials which he furnished. We find no evidence in the record as to reasonable value of his services, other than as to the 7.5% commission on the cost of construction. The burden was upon Knox to furnish such evidence in support of his claim. Having failed to do so, we find no error in the court making a finding of only an additional $2,000 due Knox from the evidence before it. Jones v. LeFlore, supra.
Knox next contends that the trial judge erred in finding that he and DLKCO, Inc. were directly liable to Southeastern for the accounts sued upon. He argues that the trial judge mistakenly found that Moore was an undisclosed principal. Knox asserts that Moore was known to Southeastern from the beginning of the transaction and was a disclosed principal.
It is clear that the trial court found no evidence of disclosure of the agency relationship from the testimony presented at trial. The trial court stated in its judgment:
 "From the evidence it is abundantly clear that Southeastern's transaction was with Dave Knox and DLKLO, Inc. for the sum of Six Thousand Two Hundred Fifty-Three and 24/100 Dollars ($6,253.24). It is not necessary to determine the agency question to reach this conclusion for an agent is personally liable, if he is acting for an undisclosed principal, and there was never any evidence of disclosure to Southeastern Electrical."
Where a trial court hears evidence ore tenus, an appellate court will not disturb the trial court's findings of fact, unless the evidence is insufficient to support it or the decision is plainly erroneous, palpably wrong, and manifestly unjust. Cotton States Mutual Insurance Co. v. Michalic,443 So.2d 927 (Ala. 1983).
Knox contends that Moore should have been directly liable to Southeastern even if she was an undisclosed principal. The general rule with regard to an agency relationship is that when an agent, acting within his real or apparent authority, enters a contract on behalf of his principal, only the principal is bound and subject to suit on the contract. Davis v. Childers,381 So.2d 200 (Ala.Civ.App. 1979). It is also a well-settled principle of law that an agent who executes a contract on behalf of an undisclosed principal is liable on that contract if he fails to disclose the identity of the principal at the time of making the contract. B. M. Homes, Inc. v. Hogan,376 So.2d 667 (Ala. 1979).
However, in this case, the evidence was more than sufficient to establish that the account was that of Knox individually, the fact of the materials being billed out to the "Edith Moore job" notwithstanding. That being the case, a determination that Moore was an undisclosed principal is immaterial. A correct judgment based upon incorrect reason is not cause for reversal.Bank of Southeast v. Koslin, 380 So.2d 826 (Ala. 1980).
We have previously answered the third issue of Knox that the award of $2,000 for work and labor is contrary to the great weight of the evidence.
It is proper that we comment that the issue of whether Knox is responsible to Southeastern for payment for the materials furnished the "Edith Moore job" is somewhat beside the point. The court awarded Knox judgment against Moore for the amount claimed by Southeastern, and the record discloses that Moore has paid all sums into court. Therefore, Knox is no longer indebted to Southeastern. *Page 1202 
There appearing no reversible error, the judgment is affirmed.
AFFIRMED.
BRADLEY, J., concurs.
HOLMES, J., concurs in the result.