This case involves a judgment rendered against Don Pate for an indebtedness that T-Square, Inc., claimed was due on an oral contract to furnish and deliver coal. Pate moved for a new trial on the grounds that *Page 71 
the judgment should have been rendered against the corporation of which he is president rather than against him personally and that the amount of the judgment was incorrect. His motion was denied. He now raises the same issues on appeal.
The first issue before us is whether liability was properly assessed against Pate in his individual capacity.
The record reveals that Pate contacted Terrence Toole about furnishing coal in partial fulfillment of the requirements of a supply contract Pate had with Alabama Power Company. The parties do not dispute the fact that Toole acted at all times in his capacity as president of T-Square, Inc. They also agree that they made an oral contract, but dispute the identity of the parties to that contract. Toole states that he specifically made his agreement with Pate personally and did not know that Pate had a corporation until this litigation began. Pate argues that Toole knew that he was dealing with him in his capacity as a representative of "D R Coal Company," not on an individual basis.
D R's checks and letterhead are imprinted "D R Coal Company." A representative check and a sales proposal admitted into evidence are signed "Don B. Pate." All correspondence, invoices, coal receipts, and other documentation in the record directed to D R are addressed to "D R Coal Company" or "Mr. Don B. Pate, D R Coal Company." There is only one document in the record which refers to D R as a corporation or to Pate as a corporate officer, a letter from D R on the above-referenced company letterhead to T-Square. Typed at the bottom of the letter is "D R Coal, Inc.," followed by "Don Pate, President." Its receipt by Toole is disputed.
Agency is a question of fact and is, therefore, subject to the ore tenus rule, which gives a presumption of correctness to the trial court's findings of fact. Crews v. Herman Maisel Co., 524 So.2d 980 (Ala. 1988). We will not disturb a judgment based on those findings unless they are palpably wrong, unsupported by credible evidence, or manifestly unjust. Crews,supra.
The general rule relative to an agency relationship is that when an agent, acting within his or her real or apparent authority, enters a contract on behalf of his or her principal, only the principal is bound by the contract and subject to suit thereon. Knox v. Moore, 475 So.2d 1199 (Ala.Civ.App. 1985);Davis v. Childers, 381 So.2d 200 (Ala.Civ.App. 1979). An exception to that rule which is also well settled, however, is that an agent who enters a contract on behalf of an undisclosed principal is liable on the contract if he or she fails to disclose the identity of the principal at the time of making the contract. Knox v. Moore, supra; B M Homes, Inc. v. Hogan,376 So.2d 667 (Ala. 1979).
The critical inquiry in determining whether the principal, D R Coal Co., Inc., was disclosed for the purpose of avoiding personal liability of the purported agent, Pate, was whether, at the time of the agreement, Toole had such notice of the corporation's existence and of its identity that he knew, would have had reason to know, or should have known that Pate was not contracting as an individual. Hilburn v. Fletcher Oil Co.,495 So.2d 613 (Ala. 1986). The trial court found that Toole did not have such notice and held Pate personally liable.
We find that there was credible evidence to support the trial court's finding. Toole testified that he made an agreement with Pate, not a corporation. Pate does not contend that he told Toole that he was acting as the president of D R Coal Co., Inc., but insists that Toole's knowledge that he did business as "D R Coal Company" was sufficient to deem his principal disclosed. We disagree. The mere fact that an individual operates a business under a trade name carries no implication of agency. Hunter v. Austin Co., 336 So.2d 203
(Ala.Civ.App. 1976).
The second issue presented in this case is whether the trial court erred in awarding T-Square the full amount sued for. The record reflects that the amount owed to T-Square was disputed. Because the testimony was presented ore tenus, the trial court's findings are accorded the same weight as the verdict of a jury, and we will not disturb them unless they are palpably *Page 72 
wrong. U-J Chevrolet Co. v. Marcus, 460 So.2d 1341
(Ala.Civ.App. 1984). A verdict as to damages is presumed to be correct, and a reviewing court may not substitute its judgment for that of the trier of facts. U-J Chevrolet Co., supra.
We also note that both issues were presented to the trial court a second time on Pate's motion for new trial. The denial of a motion for new trial is a matter within the discretion of the trial court, and its exercise of that discretion is presumed correct. We will not disturb that decision unless there is abuse of some legal right or unless the record plainly and palpably shows that the trial court erred in its denial.Cheek v. Cheek, 500 So.2d 17 (Ala.Civ.App. 1986). This case is due to be affirmed.
AFFIRMED.
HOLMES, P.J., and ROBERTSON, J., concur.