This is an appeal from the trial court's grant of a new trial pursuant to Rule 60(b)(2), Alabama Rules of Civil Procedure. We affirm.
The plaintiffs, Rankin and Dorothy Barnes, owned a pet chow dog named Brutus. On September 10, 1987, Mrs. Barnes took the dog to the veterinary clinic owned and operated by the defendants, Dr. Ann Branch and Dr. Ben F. George, Jr. The Barneses alleged that while their pet was at the clinic, Dr. George injured the dog by kicking him. Brutus died the following day. The Barneses sued for damages based on the death of the dog.
At trial, Marsha Brown testified for the plaintiffs. Ms. Brown was an employee of the Saraland Veterinary Clinic, owned by the defendants. The defendants presented testimony that contradicted Ms. Brown's testimony. The case was submitted to the jury on counts alleging an intentional trespass and a wanton breach of a bailment contract. On May 18, 1989, the jury returned a verdict in favor of the plaintiffs in the amount of $25,000.
The defendants filed a Rule 50(b), A.R.Civ.P., motion for a judgment notwithstanding the verdict and, in the alternative, a Rule 59, A.R.Civ.P., motion for a new trial or remittitur, on June 1, 1989. On June 28, 1989, the defendants filed an amendment to the motions made on June 1, 1989. The basis for amending the motion was newly discovered evidence. The newly discovered evidence concerned prior criminal convictions of Ms. Brown, who was the main witness for the plaintiffs.
On July 21, 1989, an evidentiary hearing was held to determine whether a new trial should be granted. At the hearing, the judge allowed the defendants to orally amend the style of the motion. The defendants amended the Rule 59 motion for a new trial to a Rule 60(b)(2) motion for a new trial. The plaintiffs objected to the amendment. In support of their objection, the plaintiffs stated that the defendants had originally filed a Rule 59 motion, which allows 30 days to raise all issues for post-judgment relief. The plaintiffs argued that the defendants did not raise the issue of newly discovered evidence until well after the expiration of 30 days from the date of the judgment. Despite the objection, the judge allowed the amendment. Subsequently, the judge granted the motion for a new trial. On August 18, 1989, the plaintiffs filed a motion to clarify the ruling from the July 21, 1989, hearing. The judge issued an order to clarify the ruling. In the clarified order, the judge denied the defendants' Rule 59 motion for a new trial, but granted the defendants' Rule 60(b)(2) motion for a new trial based on newly discovered evidence. The plaintiffs did not object to the granting of the new trial and even drew up the order for the judge's signature.
A new trial was held on November 27, 1989. The jury returned a verdict for the plaintiffs in the amount of $500.
On appeal, the plaintiffs contend that following the first trial the judge improperly allowed the defendants to amend the style of their motion for a new trial.
At the outset, we note that the defendants have timely filed this appeal and that the case is properly before this Court. The granting of a motion pursuant to Rule 60(b) is generally interlocutory and not appealable. Fisher v. Bush, 377 So.2d 968
(Ala. 1979). This appeal is not taken from the granting of the Rule 60(b) motion, but from the judgment because the order granting the motion was interlocutory. See Hobbs v. Hobbs,423 So.2d 878 (Ala.Civ.App. 1982). The trial court granted the Rule 60(b)(2) motion. After a final judgment was rendered in a second trial, the plaintiffs appealed, but raised as their only issue the prior action of the trial court. The plaintiffs' appeal followed the correct appellate procedure, and the issue of the amendment of the style of the motion is properly before the court. See Nolan v. Nolan, 429 So.2d 596 (Ala.Civ.App. 1982); Nunn v. Stone, 356 So.2d 1212 (Ala.Civ.App. 1978). *Page 384 
Rule 59 allows 30 days to file a new trial motion raising all grounds for post-judgment relief, including newly discovered evidence. A Rule 60 motion for a new trial may be filed within four months after the final judgment, or, in certain cases, within a "reasonable time" after the date of a final judgment, which may exceed four months. The plaintiffs argue that the time period prescribed by Rule 59 would apply to the defendants and that the defendants did not raise the issue of newly discovered evidence within the 30 days allowed by that rule; therefore, they argue that the grant of a new trial constituted error.
We note that the defendants filed a motion for JNOV or a new trial pursuant to Rule 59, A.R.Civ.P., on June 1, 1989. This motion was properly filed within 30 days from the date the judgment was entered. The trial court allowed the defendants to amend the Rule 59 motion, adding the ground of newly discovered evidence, on June 28, 1989. As this Court stated in AlabamaFarm Bureau Mut. Cas. Ins. Co. v. Boswell, 430 So.2d 426, 428
(Ala. 1983), "the trial court has discretion to allow an amendment to a motion for a new trial to state an additional ground after thirty days from the final judgment, if the original motion was timely filed and is still before the court when the amendment is offered." In the present case, the court was clearly within its authority to allow the defendants to include the newly discovered evidence grounds in the Rule 59 motion for a new trial. Therefore, because the amendment under Rule 59 was timely filed, the plaintiffs were not prejudiced when the court allowed the style of the Rule 59 motion to be amended to indicate a Rule 60(b)(2) motion for a new trial.
We affirm.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
JONES, J., dissents.