Rel: July 19, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2024

———————————————

## CL-2023-0197

———————————————

**Andy Sumblin**

**v.**

**Zachary Ward, as administrator of the Estate of Keith Ward**

**Appeal from Coffee Circuit Court**
**(CV-19-900012)**

LEWIS, Judge.

Andy Sumblin appeals from a judgment entered by the Coffee Circuit Court ("the trial court") in favor of Zachary Ward, as administrator of the Estate of Keith Ward ("the Estate"). We reverse the judgment and remand this cause with instructions.

## Procedural History

On February 20, 2019, Sumblin d/b/a M.O.D. Sod ("Sumblin"), filed a complaint seeking to collect a debt allegedly owed by Keith Ward d/b/a Ward Lawn Care ("Ward"). After Ward failed to answer the complaint, Sumblin filed, on April 11, 2019, a motion seeking an entry of default and a default judgment. On August 21, 2019, Sumblin filed a summary-judgment motion. On September 12, 2019, the trial court entered a judgment; that judgment was amended on that same day. In its final form, the judgment provided, in pertinent part:

> "This matter came before the Court on the Motion for Entry of Default and for Default Judgment filed by [Sumblin] on April 11, 2019…. Having considered the Motion and all matters brought before the Court and for good cause shown, it is hereby ORDERED ADJUDGED and DECREED as follows:
>
> "1. The Motion for entry of default is GRANTED.
>
> "2. The Motion for default judgment is GRANTED and a final default judgment is ENTERED in favor of … Sumblin and against … Ward in the amount of Thirteen Thousand Two Hundred Forty-Three and 74/100 Dollars ($13,243.74), plus costs."

(Capitalization in original.)

Over two years later, on January 6, 2022, "the Estate of Keith Ward" filed a motion seeking to vacate the trial court's judgment

2

pursuant to Rule 60(b)(6), Ala. R. Civ. P., along with exhibits in support of the motion. On March 24, 2022, Sumblin filed a response in opposition to the Rule 60(b)(6) motion and moved the trial court to strike the exhibits attached thereto. On March 25, 2022, the Estate responded to Sumblin's March 24, 2022, filing.

After a hearing on March 29, 2022, the trial court entered an order on April 6, 2022, vacating the September 12, 2019, judgment. On April 15, 2023, Sumblin filed a suggestion of the death of Ward and a motion requesting that the Estate be substituted as the defendant. That motion was granted on April 18, 2022. An answer to the complaint was thereafter filed on September 14, 2022. After a trial, the trial court entered a judgment on February 17, 2023, providing:

> "This matter came before the Court for bench trial on [Sumblin's] complaint seeking damages for an unpaid debt owed by Defendant Ward Lawn Care and Defendant Ward. Upon considering the evidence[,] the Court awarded damages to [Sumblin] in the amount of $12,091.39.
>
> "[Sumblin] sought damages for an unpaid debt of $8,594.95, plus interest[,] attorney fees, and court costs. Because the evidence showed [Ward] was likely incompetent beginning in November 2017, the Court declined to award damages for interest accrued past December 2017.
>
> "The evidence showed … Ward … owned and operated a lawn care business, Ward's Lawn Care. [Sumblin's] business

records indicated [Ward] purchased sod for several years and routinely paid the bill after an invoice was sent to [Ward]. During late 2017, [Ward] became delinquent on paying his bill. [Sumblin] mailed [Ward] several invoices and a letter demanding payment. Despite the debt owed, [Ward] did not respond to the letter and [Sumblin] continued to sell sod to [Ward]. [Sumblin] filed suit and [Ward] failed to answer. A default judgment was entered against [Ward] but was later set aside after the Court learned [Ward] had become stricken with brain cancer and had died. The evidence showed [Ward] likely lacked sound mental capacity after he underwent two surgeries to remove a brain tumor. Testimony showed [Ward] began experiencing symptoms of confusion, memory loss, and paralysis during the same time he uncharacteristically failed to pay his bills. Because the evidence showed [Ward's] mental capacity began to fail in November 2017, the Court finds [Ward] should not be liable for interest accrued after December 2017.

"[Sumblin] requested the … [E]state be liable for the unpaid debt. The evidence showed [Ward] purchased sod on behalf of his business, 'Ward's Lawn Care.' [Ward] paid for the sod using checks labeled with the company's name[,] 'Ward's Lawn Care.' [Sumblin] provided business records showing that 'Ward's Lawn Care' owed the debt. [Sumblin's] sod farm manager testified [Ward] purchased sod at the reduced merchant rate because he owned and operated a landscape company, 'Ward's Lawn Care.' Finally, the [Estate] provided evidence showing [Ward] had properly registered the lawn care business, 'Ward's Lawn Care' with the Alabama Secretary of State.

"Alabama appellate courts have held that 'permitting the piercing of the corporate veil is not a power that is lightly exercised. The concept that a corporation is a legal entity existing separate and apart from its shareholders is well settled in this state.' Co-Ex Plastics, Inc. v. AlaPak, Inc., 536 So. 2d 37 (Ala. 1988). Alorna Coat Corp. v. Behr, 408 So. 2d

4

496 (Ala. 1981). The Courts have established that 'the corporate veil may be pierced where a corporation is set up as a subterfuge, where shareholders do not observe the corporate form, where the legal requirements of corporate law are not complied with, where the corporation maintains no corporate records, where the corporation maintains no corporate bank account, where the corporation has no employees, where corporate and personal funds are intermingled and corporate funds are used for personal purposes, or where an individual drains funds from the corporation.' See, e.g., Forester & Jerue, Inc. v. Daniels, 409 So. 2d 830 (Ala. 1982); Hamrick v. First National Bank of Stevenson, 518 So. 2d 1242 (Ala. 1987); Deupree v. Ruffino, 505 So. 2d 1218 (Ala.1987); Messick v. Moring, 514 So. 2d 892 (Ala. 1987); East End Memorial Association v. Egerman, 514 So. 2d 38 (Ala. 1987).

"While the Court recognizes [Sumblin] is owed a significant unpaid debt, this Court is reluctant to create the slippery slope precedent of piercing the corporate veil based on the evidence presented in this case. Upon consideration of the foregoing, it is ORDERED, ADJUDGED, and DECREED:

"1. The Court finds in favor of [Sumblin] and against Defendant Ward's Lawn Care.

"2. [Sumblin] is awarded damages in the amount of $12,091.39. (The total damages were calculated as follows: $8,594.95 unpaid debt: plus $388.92 in finance charges through December 2017; plus $412.36 court costs: plus $2,695.16 attorney fee calculated by figuring 30% of unpaid debt.)

"3. The Court denies [Sumblin's] request to find …Ward or his estate individually liable."

"4. Any other relief sought and not granted herein is denied."

(Capitalization in original.)

5

Sumblin timely filed his notice of appeal to this court on March 30, 2023.

## Discussion

## I. Order Setting Aside the Default Judgment

On appeal, Sumblin first argues that the trial court erred by granting the Rule 60(b)(6) motion to set aside the default judgment. The Estate argues that, because Sumblin did not file a petition for a writ of mandamus from the order granting the Rule 60(b)(6) motion, he may not challenge that order on appeal. We note, however, that our supreme court has explained:

> "[O]rdinarily 'interlocutory orders merge with final judgments' and, therefore, most interlocutory orders may be appealed once a final judgment is entered. McCormack v. AmSouth Bank, N.A., 759 So. 2d 538, 541 (Ala. 1999). See also Barnes v. George, 569 So. 2d 382, 383 (Ala. 1990) (allowing challenge to grant of Rule 60(b)(2) motion for new trial after judgment in the new trial)."

Caton v. City of Pelham, 329 So. 3d 5, 19 (Ala. 2020); see also R.E. Grills, Inc. v. Davison, 641 So. 2d 225, 227 (Ala. 1994) ("[U]nless in the circumstances of the case a petition for a writ of mandamus is the only procedure available to secure relief, a party does not waive a right to appeal from a trial court's interlocutory order or ruling solely by not filing

6

such a petition."). Therefore, we will proceed to address the merits of Sumblin's argument.

Sumblin specifically argues that the Estate failed to meet its burden of introducing arguments and evidence of all three factors set forth in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So. 2d 600 (Ala. 1988). See Sampson v. Cansler, 726 So. 2d 632, 633 (Ala. 1998) (explaining that, "[a]lthough Kirtland involved a Rule 55(c)[,Ala. R. Civ. P.] motion to set aside a default judgment, [the supreme court] also appl[ies] the Kirtland analysis to Rule 60(b)[, Ala. R. Civ. P.] motions to set aside default judgments").

In Kirtland, our supreme court set forth the following mandatory factors that a trial court must consider when ruling on a motion to set aside a default judgment: "1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct." Kirtland, 524 So. 2d at 605; see also Sampson v. Cansler, 726 So. 2d 632, 633 (Ala. 1998). Sumblin initially focuses on whether the Estate showed the presence of a meritorious defense.

7

With respect to a party's burden of proving the Kirtland factors, particularly proving a meritorious defense, our supreme court has explained:

> "'[T]he trial court has broad discretion ... in deciding whether to deny or to grant a motion to set aside a default judgment. In exercising that discretion, the trial court must apply the three-factor analysis set forth in Kirtland. However, the law is well settled that "'"in order to trigger the mandatory requirement that the trial court consider the Kirtland factors, the party filing a motion to set aside a default judgment must allege and provide arguments and evidence regarding all three of the Kirtland factors."'" Hilyer v. Fortier, 176 So. 3d 809, 813-14 (Ala. 2015) (quoting D.B. v. D.G., 141 So. 3d 1066, 1071 (Ala. Civ. App. 2013), quoting in turn Brantley v. Glover, 84 So. 3d 77, 81 (Ala. Civ. App. 2011)).
>
> "'… It is well settled that bare legal conclusions unsupported by affidavit or other evidence do not suffice to demonstrate a meritorious defense under Kirtland. See Martin v. Robbins, 628 So. 2d 614, 617-18 (Ala. 1993) (noting that "[a] defaulting party has satisfactorily made a showing of a meritorious defense if the allegations in an answer or in a motion and its supporting affidavits, if proven at trial, would constitute a complete defense to the claims against the defaulting party or if sufficient evidence has been adduced either by affidavit or by some other means to warrant submitting the case to the jury"); see also Royal Ins. Co. of America v. Crowne Invs., Inc., 903 So. 2d 802, 808 (Ala. 2004) (noting that "[t]he existence of a meritorious defense is a

8

'threshold prerequisite,' <u>Kirtland</u>, 524 So. 2d at 605, because without a meritorious defense, a finding that the plaintiff would not be prejudiced and a finding that the defendant was not culpable would matter little"). …

"'....

"'With regard to a meritorious defense in the context of a <u>Kirtland</u> analysis, this Court has stated:

"'"[A] defaulting party has satisfactorily made a showing of a meritorious defense when allegations in an answer or in a motion to set aside the default judgment <u>and its supporting affidavits</u>, if proven at trial, would constitute a complete defense to the action, or when <u>sufficient evidence has been adduced either by way of affidavit or by some other means</u> to warrant submission of the case to the jury....

"'"The allegations set forth in the answer and in the motion <u>must be more than mere bare legal conclusions without factual support</u>; they must counter the cause of action averred in the complaint with specificity -- namely, by setting forth relevant legal grounds substantiated by a credible factual basis. Such allegations would constitute a 'plausible' defense."

"'<u>Kirtland</u>, 524 So. 2d at 606 (emphasis added).'

"'Carroll[ v. Williams], 6 So. 3d [463,] 467-68 [Ala. 2008)].'"

Ex parte Bhones, 285 So. 3d 740, 745-46 (Ala. 2019) (quoting Ex parte Ward, 264 So. 3d 52, 56 (Ala. 2018)); see also Appalachian Stove & Fabricators, Inc. v. Roberts, 544 So. 2d 893, 897 (Ala. 1989) (holding that, "[t]o show the existence of a meritorious defense, [the defendant] had to allege sufficient facts or produce enough evidence to counter the plaintiffs' claims").

Here, the Estate offered no evidence of a meritorious defense. Instead, the Estate simply argued that Sumblin did not present "any evidence of [Ward's] alleged debt except [Sumblin's] own sworn affidavit" and that Sumblin had not presented "invoices or delivery receipts indicating any unpaid balance by [Ward]." However, the Estate did not argue that Sumblin's testimony was somehow insufficient to establish Sumblin's case.[1] Moreover, the Estate did not allege the existence of any facts that would contradict Sumblin's testimony that "if proven at trial, would constitute a complete defense to the action, or [that] sufficient

---

[1]Indeed, our supreme court has recognized testimony as adequate, even without documentary evidence, to prove a case seeking compensation "for work and labor done and materials furnished." Loggins v. Robinson, 738 So. 2d 1268, 1269 (Ala. Civ. App. 1999).

evidence ha[d] been adduced either by way of affidavit or by some other means to warrant submission of the case to the jury." Kirtland, 524 So. 2d at 606. Therefore, we conclude that the Estate failed to meet the burden of proving the existence of the first Kirtland factor.

Our supreme court has explained that, when a defendant fails to satisfy the initial burden of alleging and demonstrating the existence of all the Kirtland factors, the trial court exceeds its discretion in setting aside the default judgment. Bhones, 285 So. 3d at 747. In this case, though, even though the motion to set aside the default judgment stated that it was filed pursuant to Rule 60(b)(6), because the motion relied on the allegation that Ward was incompetent, we construe the motion as relying on Rule 60(b)(4), Ala. R. Civ. P. See, e.g., Pharo v. Pharo, 199 So. 3d 93, 95 n.1 (Ala. Civ. App. 2015) (construing "allegations made in the motion and the statements in the accompanying affidavit as challenging service by publication, and, thus, seeking relief under Rule 60(b)(4)[, Ala. R. Civ. P.,]" because "an appellate court ' "looks to the essence of a motion, rather than its title, to determine how that motion is to be considered under [the] rules [of civil procedure]." ' ") (quoting Ex parte Alfa Mut. Gen. Ins. Co., 684 So. 2d 1281, 1282 (Ala. 1996), quoting in turn Union Springs

11

Tel. Co. v. Green, 285 Ala. 114, 117, 229 So. 2d 503, 505 (1969)); and Keith v. Moone, 771 So. 2d 1014, 1017 (Ala. Civ. App. 1997), rev'd on other grounds, Ex parte Keith, 771 So. 2d 1018 (Ala. 1998) (holding that "[a] default judgment entered against an incompetent person is void; a void judgment may be vacated at any time."). This court has held that a party seeking relief pursuant to Rule 60(b)(4) is not required to make a showing with respect to the Kirtland factors. Pharo, 199 So. 3d at 95.[2] Therefore, we decline to reverse the trial court for failure of proof with respect to the Kirtland factors.[3]

---

[2]It appears that a majority of the justices of our supreme court are of the opinion that the consideration of the Kirtland factors is not appropriate where relief from a default judgment is available under Rule 60(b)(4) because of a lack of due process. See Cornelius v. Browning, 85 So. 3d 954, 958 (Ala. 2011). We note, though, that then-Justice Parker concurred in the result of the Cornelius opinion, writing that he would apply the Kirtland factors in analyzing that case. See Cornelius, 85 So. 3d at 962 (Parker, J., concurring the result). "This court is bound by the decisions of the Alabama Supreme Court." State Farm Mut. Auto. Ins. Co. v. Carlton, 867 So. 2d 320, 325 (Ala. Civ. App. 2001).

[3]With respect to the sufficiency of the evidence concerning competency, although Sumblin briefly asserts that Ward did not prove incompetency, Sumblin does not make a sufficient argument supported by legal authority. See Rule 28(a)(10), Ala. R. App. P. Therefore, we will not address that argument.

## II. The Final Judgment

We next turn to Sumblin's arguments with respect to the final judgment. Because the trial court made specific findings of fact, we may review the arguments relating to the sufficiency of the evidence, even though Sumblin did not file a postjudgment motion challenging the sufficiency of the evidence. See Adams v. Adams, 21 So. 3d 1247, 1253-54 (Ala. Civ. App. 2009).

### A. Amount of Interest

Sumblin's first argument with respect to the final judgment is that the trial court erred in determining that no interest should accrue after November 2017, which was when the trial court concluded that Ward's incompetency commenced. Sumblin specifically argues that the trial court erred in determining that interest does not accrue during the time a party is incompetent. We note, however, that Sumblin's argument on this point is a legal argument that was not raised to the trial court. Therefore, it is not preserved for this court's review. See, e.g., Ex parte Knox, 201 So. 3d 1213, 1218 (Ala. 2015) (holding that a new legal question may not be considered for the first time on appeal) and Andrews v. Merritt Oil Co., 612 So. 2d 409, 410 (Ala. 1992) (holding that an

13

appellate court "cannot consider arguments raised for the first time on appeal; rather, [its] review is restricted to the evidence and arguments considered by the trial court"). Our supreme court has recently explained:

> "'[An appellate court] cannot consider arguments advanced for the purpose of reversing the judgment of a trial court when those arguments were never presented to the trial court ....' State Farm Mut. Auto. Ins. Co. v. Motley, 909 So. 2d 806, 821 (Ala. 2005). When a postjudgment motion is the only mechanism for bringing an alleged error to the circuit court's attention … the alleged error must be raised in a postjudgment motion. Lay v. Destafino, [Ms. 1210383, Feb. 17, 2023] ___ So. 3d ___, ___ (Ala. 2023) ('While it is true that postjudgment motions under Rule 59(e)[, Ala. R. Civ. P.,] are usually elective rather than mandatory, such a motion is necessary to preserve an objection for appellate review when -- as here -- that motion is the only possible mechanism for bringing the alleged error to the trial court's attention.')."

Edwards v. Crowder, [Ms. SC-2023-0151, May 24, 2024] ___ So. 3d ___, ___ (Ala. 2024).

In the present case, Sumblin requested an award of interest, and the trial court partially granted that request, but the trial court limited the amount of interest awarded, specifically determining that interest did not accrue during the time that Ward was found to have been incompetent. Sumblin did not challenge the trial court's legal determination by arguing that Ward's incompetency was not a valid basis

14

for limiting the award of interest. Because it appears from the record that Sumblin did not become aware that the trial court intended to limit the interest award due to the finding of incompetency until the entry of the trial court's judgment, a postjudgment motion was "'the only possible mechanism for bringing the alleged error to the trial court's attention.'" Edwards, ___ So. 3d at ___ (quoting Destafino, ___ So. 3d at ___); see also Docen v. Docen, 294 So. 3d 767, 771 (Ala. Civ. App. 2019) (holding that, although the appellant "first learned the basis for the child-support award when he received the order ruling on his postjudgment motion," he was required to file a second postjudgment motion to preserve his challenge to the trial court's alleged error on that point). Because, like in Edwards, Sumblin failed to bring the trial court's attention to its alleged error regarding the limitation of interest due to incompetency, we conclude that the error was not preserved for this court's review.

Sumblin also makes a brief argument that the trial court erred in determining the date of Ward's incompetency. He asserts that the November 2017 date conflicts with the administrator's admission that the incompetency began in November 2018. We note, however, that, upon being asked when Ward became incompetent, Zachary Ward

15

testified "Probably late 2017 is when you could recognize problems and things started going south up to the first surgery." Because there was, in fact, testimony in support of the 2017 date, we cannot conclude that Sumblin has shown error on this point.

### B. Costs of Collection

Sumblin's next argument concerns the award of attorney's fees as a cost of collection.[4] In this case, Sumblin claimed an award of reasonable attorney's fees pursuant to a contract. Sumblin presented an itemized statement of his attorney's fees as well as testimony concerning the reasonableness of the charges. In its judgment, however, the trial court awarded a fee in the amount of 30% of the debt without reference to the statement of fees and testimony concerning the reasonableness of the charges. Sumblin argues that the trial court's disregard for the evidence presented concerning the reasonableness of the attorney's fees is reversible error.

---

[4]We construe Sumblin's argument as challenging the sufficiency of the evidence to support the award of an attorney fee. Because the trial court made a specific finding of fact with respect to the attorney-fee award, no postjudgment motion was necessary to preserve the issue of the sufficiency of the evidence. See, e.g., Ex parte James, 764 So. 2d 557, 559 (Ala. 1999).

Our supreme court has explained that, in determining an attorney fee award, a trial court should consider the following 12 factors:

"'(1) the nature and subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of the attorney's responsibility; (6) the measure of success achieved; (7) the reasonable expenses incurred by the attorney; (8) whether the fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.'"

Carver v. Foster, 928 So. 2d 1017, 1025 (Ala. 2005) (quoting Irons v. Le Sueur, 487 So. 2d 1352, 1359 (Ala. 1986)). Our supreme court further explained in Carver that "the reasonableness of an attorney-fee award cannot be based solely on an arbitrary percentage of that value. The fee must bear a reasonable relationship to the time expended on the case, in light of the hourly rate of attorneys practicing in the community." Carver, 928 So. 2d at 1026-27.

Here, it appears that the trial court disregarded the evidence presented concerning a reasonable attorney's fee and, instead, based the fee solely on an arbitrary percentage of the amount of the debt. Therefore, we reverse the trial court's determination of the attorney's fee

17

and remand this cause for the trial court to reconsider its attorney-fee award in light of the 12 factors set forth in <u>Carver</u>.

<u>C. Determination of the Judgment Debtor</u>

Sumblin also argues that the trial court erred in entering a judgment against a corporation named Ward Lawn Care, Inc.,[5] when Sumblin did not sue Ward Lawn Care, Inc., but, instead, sued Ward. Sumblin points out that he presented evidence that he had conducted business with Ward, doing business as Ward Lawn Care. Multiple checks written to Sumblin indicated that they were drawn on the account of Ward, doing business as Ward Lawn Care. Sumblin correctly asserts that the Estate presented no evidence that Ward ever represented to Sumblin that he was an agent of a corporate entity called Ward Lawn Care, Inc.

This court has explained:

> "Agency is a question of fact and is, therefore, subject to the ore tenus rule, which gives a presumption of correctness to the trial court's findings of fact. <u>Crews v. Herman Maisel & Co.</u>, 524 So. 2d 980 (Ala. 1988). We will not disturb a judgment based on those findings unless they are palpably wrong,

---

[5]Although the trial court stated the judgment was entered against "Ward's Lawn Care," not "Ward's Lawn Care, Inc.," considering the entirety of the judgment, it is clear that the judgment was entered against Ward's Lawn Care, Inc.

18

unsupported by credible evidence, or manifestly unjust. <u>Crews</u>, <u>supra</u>.

> "The general rule relative to an agency relationship is that when an agent, acting within his or her real or apparent authority, enters a contract on behalf of his or her principal, only the principal is bound by the contract and subject to suit thereon. <u>Knox v. Moore</u>, 475 So. 2d 1199 (Ala. Civ. App. 1985); <u>Davis v. Childers</u>, 381 So. 2d 200 (Ala. Civ. App. 1979). An exception to that rule which is also well settled, however, is that an agent who enters a contract on behalf of an undisclosed principal is liable on the contract if he or she fails to disclose the identity of the principal at the time of making the contract. <u>Knox v. Moore</u>, <u>supra</u>; <u>B & M Homes, Inc. v. Hogan</u>, 376 So. 2d 667 (Ala. 1979).
>
> "The critical inquiry in determining whether the principal … was disclosed for the purpose of avoiding personal liability of the purported agent … was whether, at the time of the agreement, [the other party to the contract] had such notice of the corporation's existence and of its identity that he knew, would have had reason to know, or should have known that [the purported agent] was not contracting as an individual. <u>Hilburn v. Fletcher Oil Co.</u>, 495 So. 2d 613 (Ala. 1986)."

<u>Pate v. T-Square, Inc.</u>, 545 So. 2d 70, 71 (Ala. Civ. App. 1989).

In <u>Pate</u>, this court affirmed the DeKalb Circuit Court's finding that the plaintiff had no notice that Pate, a purported agent of D & R Coal Co., Inc., was acting as an agent for that corporation. This court noted that the plaintiff "testified that he made an agreement with [the purported agent], not a corporation." Moreover, "Pate [did] not contend that he told

[the plaintiff] that he was acting as the president of D & R Coal Co., Inc., but insists that [the plaintiff's] knowledge that he did business as 'D & R Coal Company' was sufficient to deem his principal disclosed." Id. This court rejected the purported agent's argument, stating: "The mere fact that an individual operates a business under a trade name carries no implication of agency." Id.

In this case, Sumblin presented evidence that he had conducted business with Ward, doing business as Ward Lawn Care. Multiple checks written to Sumblin indicated that they were drawn on the account of Ward, doing business as Ward Lawn Care. Zachary Ward, the administrator of the Estate, admitted that he had seen no checks presented that indicated that they were drawn on a corporate account. There was no evidence indicating that Sumblin ever contracted with Ward Lawn Care, Inc. Instead, the entirety of the evidence indicated that Sumblin contracted with Ward, doing business as Ward Lawn Care. As stated, "[t]he mere fact that an individual operates a business under a trade name carries no implication of agency." Pate, 545 So. 2d at 71. Because the undisputed evidence indicated that Ward never represented to Sumblin that he was an agent of Ward Lawn Care, Inc., the trial court

20

erred in declining to hold the Estate liable for the debts accrued by Ward individually.

## Conclusion

Based on the foregoing, we reverse the trial court's judgment and remand this cause for the trial court to enter a judgment in accordance with this opinion.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Moore, P.J., and Hanson and Fridy, JJ., concur.

Edwards, J., concurs in the result in part and dissents in part, with opinion.

EDWARDS, Judge, concurring in the result in part and dissenting in part.

Although I do not agree with all of the statements in the main opinion, I generally agree with the conclusions reached by that opinion regarding the propriety of the April 6, 2022, order entered by the Coffee Circuit Court ("the trial court") setting aside that court's September 12, 2019, judgment against Keith Ward d/b/a Ward's Lawn Care ("Ward") pursuant to Rule 60(b)(4), Ala. R. Civ. P., based on Ward's incompetency at the time the judgment was entered, see Rule 55(b)(2), Ala. R. Civ. P. ("[B]ut no judgment by default shall be entered (A) against a minor or (B) against an incompetent person, unless the minor or the incompetent person is represented in the action by a general guardian or other representative as provided in Rule 17(c)[, Ala. R. Civ. P.,] who has appeared therein."); regarding the trial court's erroneously entering a judgment against the formerly incorporated entity, Ward's Lawn Care, Inc., instead of against Ward's estate; and regarding the trial court's award of an attorney's fee to Andy Sumblin based on a percentage of the debt recovered instead of determining a reasonable fee, see, e.g., Lolley v. Citizens Bank, 494 So. 2d 19, 19 (Ala. 1986) (explaining that, when a contract provides for the recovery of a reasonable attorney's fee, a trial

22

court should consider evidence relating to a reasonable attorney fee and not award a percentage of the contract recovery). Thus, I concur in the result of those aspects of the main opinion.

I cannot, however, agree with the conclusion reached by the main opinion that Sumblin is precluded from arguing that the trial court erred by failing to award him 18% interest per annum on the debt owed pursuant to the terms of the contracts between him and Ward, and I dissent as to that aspect of the opinion. Sumblin had argued to the trial court that the invoices evidencing the sale of sod to Ward, which were contracts between him and Ward, entitled him to 18% interest per annum on past-due amounts as reflected in his trial exhibit. The trial court awarded Sumblin the interest that he contended had accrued through December 2017 based on the trial court's determination that Ward should not be required to pay interest after the date he became incompetent. On appeal, Sumblin challenges the trial court's decision to remit the interest due under the contract based on Ward's incompetency.

The main opinion declines to entertain Sumblin's argument that the trial court should not have remitted the amount of interest provided for in the contract on the basis that his argument "is a legal argument

23

that was not raised to the trial court." ___ So. 3d at ___. However, the rule requiring the preservation of error prevents this court from "'put[ting] a trial court in error for failing to consider a matter which, according to the record, <u>was not presented to, nor decided by it</u>.'" <u>Nichols v. Pate</u>, 54 So. 3d 398, 403 (Ala. Civ. App. 2010) (quoting <u>Rodriguez-Ramos v. J. Thomas Williams, Jr., M.D., P.C.</u>, 580 So. 2d 1326, 1328 (Ala. 1991)) (emphasis added). In my opinion, the issue of Sumblin's entitlement to 18% per annum in interest per the contract was squarely presented to and decided by the trial court when the trial court specifically rejected Sumblin's request that, pursuant to the contract, he be awarded 18% interest on the past-due amounts and, instead, awarded him the requested amount of interest only through December 2017. Sumblin was not required to <u>reargue</u> the legal point of his entitlement to 18% interest per annum under the contract to the trial court in order to preserve error.

Rule 4(a)(3), Ala. R. App. P., provides that "[a]ny error or ground of reversal or modification of a judgment or order which was asserted in the trial court may be asserted on appeal without regard to whether such error or ground has been raised by motion in the trial court under Rule

24

52(b) or Rule 59 of the [Alabama Rules of Civil Procedure]." The

Committee Comments to Rule 4 state that

> "The provision of subdivision (a)(3) in the last sentence permitting assertion in the appellate court of any matter raised or asserted in the trial court whether such matter was raised by motion for new trial under [Ala. R. Civ. P.,] Rule 59[,] or for motion of amendment of findings of fact under [Ala. R. Civ. P.,] Rule 52(b)[,] is a departure from existing Alabama practice. The rule does not, however, extend the right to raise for the first time on appeal new matter not presented to the trial court or upon which the trial court had no opportunity to pass.
>
> "The requirement retains the practice that matters raised on appeal must have been presented to the trial court at some stage. Thus matters which can only be raised by post-trial motion must be so asserted. <u>The provision is intended to avoid the necessity of repeated assertions of the same point below. Once ruled on by the trial court in some form, the point is preserved for review on appeal</u>."

(Emphasis added.) <u>See also</u> <u>Robertson v. Gaddy Elec. & Plumbing, LLC</u>,

53 So. 3d 75, 80 (Ala. 2012) (overruling <u>Carter v. Treadway Trucking,

Inc.</u>, 611 So. 2d 1024 (Ala. 1992), and explaining that <u>Carter</u> was based

on "the false premise that the trial court cannot be held in error for a

matter not presented to it when the trial court there, in granting a

directed verdict, <u>did decide the issue</u>" (emphasis added)); <u>Kirya v. Bulls</u>,

404 So. 2d 58 (Ala. Civ. App. 1981) (explaining that the appellant could

challenge the striking of her affirmative defense to the appellee's

25

counterclaim on appeal despite the fact that he had not raised that issue in a postjudgment motion).

Unlike the main opinion, I do not believe that the sub-issue of whether the trial court had a legal basis for suspending the accrual of interest must have been specifically argued by Sumblin in a postjudgment motion. That sub-issue was injected into the proceeding by the trial court itself, and the issue whether the accrual of interest could be suspended because of Ward's incompetency was clearly <u>decided</u> against Sumblin, who had already argued that he was entitled to the entire amount of interest that had accrued. <u>See</u> <u>Robertson</u>, 53 So. 3d at 80. Moreover, it seems hyper technical and illogical to me that, in cases tried without a jury, an appellant is not required to file a postjudgment motion to preserve an issue regarding the sufficiency of the evidence if the trial court makes written findings of fact, <u>see</u> <u>New Props., L.L.C. v. Stewart</u>, 905 So. 2d 797, 800 (Ala. 2004) (explaining Rule 52(b), Ala. R. Civ. P.), but is required to file one to preserve an error of law even if the trial court states its legal conclusions in its judgment.[6] To insist that

---

[6]In <u>Ex parte Vaughn</u>, 495 So. 2d 83, 87 (Ala. 1986), our supreme court explained the rationale behind the rule that a postjudgment motion

26

Sumblin file a postjudgment motion to argue to the trial court again that he was entitled to 18% per annum per the contract under the applicable law -- which is the only argument that he could have made, because no exception of the type the trial court appears to have imposed exists -- violates the principles espoused in the Committee Comments to Rule 4. Furthermore, it appears to frustrate the purpose of the Alabama Rules of Appellate Procedure, which, according to Rule 1, is to "assure the just,

---

is not required to preserve an argument regarding the sufficiency of the evidence when a trial court makes written findings of fact, stating:

> "[B]y making written findings of fact, the trial judge has had the additional opportunity to reconsider the evidence and discover and correct any error in judgment which he or she may have made upon initial review. Thus, when written findings of fact are made, they serve the same useful purpose as does an objection to the trial court's findings, a motion to amend them, a motion for a new trial, and a motion to dismiss under Rule 41(b)[, Ala. R. Civ. P.] -- to permit the trial judge an opportunity to carefully review the evidence and to perfect the issues for review on appeal."

I do not see why the trial court's determination that Ward became incompetent in late 2017 and the apparent legal conclusion flowing from that finding -- that his incompetency permitted the trial court to remit the interest accrued after the date of Ward's becoming incompetent -- would require Sumblin to point out that incompetency of a debtor is not relevant to the calculation of interest due under the contract, to which Sumblin had established his entitlement.

27

speedy, and inexpensive determination of every appellate proceeding on its merits."

As Sumblin contends, he is entitled to the interest set out in the contract that the trial court found to have existed between Sumblin and Ward. See Arnold v. Hyundai Motor Mfg. Alabama, LLC, 292 So. 3d 1042, 1053-54 (Ala. 2019) (reversing a judgment that failed to award, among other things, prejudgment interest and requiring that the trial court, on remand, award, among other things, the prejudgment interest to which the plaintiff was entitled pursuant to the contract between the plaintiff and the defendant); Knight v. Hired Hand Green, Inc., 775 So. 2d 218 (Ala. Civ. App. 1999) ("Because the trial court correctly found in favor of Hired Hand [Green, Inc.,] on its contract claim, Hired Hand was necessarily entitled to an award of interest on the past-due balance … pursuant to the clear terms of the contract."). The trial court did not provide authority, and I am unaware of any, for the proposition that interest on a past-due amount as provided for in a contract may be remitted based on the later-occurring incompetency of a party to that contract. Thus, I would also reverse the judgment of the trial court insofar as it remitted the interest that Sumblin is due under the contract.

28